407 A.2d 1357

**COMMONWEALTH of Pennsylvania**

v.

**Brenda THURMOND, Appellant.**

*Superior Court of Pennsylvania.*

Submitted March 23, 1979.

Decided July 27, 1979.

Petition for Allowance of Appeal Denied Nov. 26, 1979.

284

Jeffrey G. Velander, Public Defender, Stroudsburg, for appellant.

Marc R. Wolfe, Assistant District Attorney, Stroudsburg, for Commonwealth, appellee.

Before CERCONE, President Judge, and WATKINS and HOFFMAN, JJ.

HOFFMAN, Judge:

Appellant, Brenda Thurmond, contends that the trial court imposed an excessively harsh sentence of imprisonment of 3 to 23 months and a fine of $500.00 while her codefendant, on the same charges, received a sentence of 2 years probation and a fine of $2,000.00. Appellant argues that the court's belief that she had lied while testifying and her codefendant's medical condition could not justify the disparity in sentences. We disagree and, accordingly, affirm the judgment of sentence.

On October 10, 1975, a jury convicted appellant and her brother, Jay Thurmond, of 2 counts each of gambling.[1] After denying post-verdict motions, the court imposed sen-

1. 18 Pa.C.S.A. § 5513 (Supp.1978–79).

tence. Appellant appealed to this Court, asserting that the sentence she received was excessively harsh. We vacated sentence and remanded for a new sentencing hearing, at which the court was to place on the record its reasons for imposing different sentences for the 2 defendants. *See Commonwealth v. Thurmond*, 257 Pa.Super. 464, 390 A.2d 1330 (1978). On August 31, 1978, the court held a new hearing, after which it imposed the same sentence previously given. This appeal followed.

The evidence at trial showed that appellant worked as a part-time bartender and engaged in a gambling operation at a bar run by her brother. Two officers testified that they had seen appellant take part in prohibited gambling activities on two occasions. Appellant testified that she was not in the bar on the first occasion and was not tending bar, although present, on the second occasion. She denied any participation in the gambling activities. Her brother and codefendant, who apparently directed the gambling operation, did not testify.

After the first sentencing hearing, the lower court based the sentence imposed on appellant on the fact that appellant had lied in her testimony and therefore showed poor prospects for rehabilitation. The court also considered, in favor of leniency, that appellant had a young child who needed the attention of its mother. On remand, the court stated on the record that it had based the disparity between appellant's sentence and that of her brother on the facts that appellant had lied in her testimony and that Jay Thurmond had a serious heart condition, it believed, made imprisonment impossible. The court stated that it had consulted and considered a sentencing report and was aware that appellant had no criminal record while her brother had 8 previous convictions for traffic offenses and assault and battery.

■ In exercising its discretion to sentence, a court may impose unequal sentences upon codefendants when facts exist to justify the disparity. *Commonwealth v. Burton*, 451 Pa. 12, 301 A.2d 675 (1973). The health of one of the defendants is a valid consideration in imposing sentence.

*Commonwealth v. Fitzgerald*, 101 Pa.Super. 308 (1931). Therefore, the court, considering Jay Thurmond's heart condition, could justifiably impose on him a term of probation of 2 years and a fine of $2,000.00, while sentencing appellant to a term of imprisonment. Appellant's term and fine of only $500.00 reflects the varying ability of each defendant to serve time in prison and sustain a financial penalty.

■ Appellant also argues that it was improper and unconstitutional for the court, in imposing a sentence harsher than it would otherwise have dispensed, to consider that she had apparently lied in her testimony. The court, which presided at trial, explicitly stated that it imposed a stiffer sentence because the jury's verdict necessarily implied that appellant had lied. At the hearing on remand, however, appellant did not raise any constitutional objections to the court's reliance on her false testimony. In fact, appellant conceded that, in imposing sentence, a court may consider a defendant's mendacity as probative of prospects for rehabilitation. Rather, appellant contended only that, on the facts of the case, it was improper for the court to rely on this criterion. Accordingly, we do not consider the constitutional challenge appellant attempts to present in this appeal. *Commonwealth v. Strand*, 464 Pa. 544, 347 A.2d 675 (1975); *Commonwealth v. Rutherford*, 252 Pa.Super. 348, 381 A.2d 952 (1977).

■ The sentencing court's belief that it could consider her false testimony rested on the assumption that the testimony revealed to some extent whether she can be rehabilitated. Thus, regardless of the constitutionality of the practice, *see United States v. Grayson*, 438 U.S. 41, 98 S.Ct. 2610, 57 L.Ed.2d 582 (1978) (upholding validity under federal constitution), consideration of false testimony is justified only if certain requisites, guaranteeing the probative value of this evidence, are satisfied. *See Commonwealth v. Martin*, 466 Pa. 118, 351 A.2d 650 (1976) (only sufficient and accurate information can support valid sentence). First, the misstatements must be willful. *See United States v. Grayson, supra* at 54, 98 S.Ct. at 2618, 57 L.Ed.2d at 592. Unless

the defendant has willfully offered false testimony, the fact that the testimony was untrue does not of itself show that the defendant is not likely to respond to efforts at rehabilitation. Second, the misstatement must be material, not of marginal importance. *Id.* Only material falsehoods sufficiently bear on a defendant's character to justify enhancing punishment. Third, the verdict of guilt must necessarily establish that the defendant lied, not merely that the jury did not believe his testimony. *See United States v. Hendrix,* 505 F.2d 1233 (2d Cir. 1974), *cert. den.* 423 U.S. 897, 96 S.Ct. 199, 46 L.Ed.2d 130 (1975); *United States v. Moore,* 484 F.2d 1284 (4th Cir. 1973) (CRAVEN, J., concurring). This requirement ensures that a defendant can receive a stiffer penalty based on giving false testimony only when the finder of fact has determined, beyond a reasonable doubt, that the testimony was willfully false. Fourth, the verdict must be supported by sufficient credible evidence. If the jury's verdict is to form the basis for enhancement of sentence, that verdict must have a rational foundation in evidence of record. *Cf. e. g., Commonwealth v. Horne,* 479 Pa. 496, 388 A.2d 1040 (1978) (conviction must be supported by sufficient credible evidence). Fifth, the trial court, if not acting as the trier of fact, must observe the testimony allegedly false. *See Grayson, supra.* The cold record of the testimony and the verdict affords a meager basis for the sentencing court to determine whether the defendant's testimony demonstrated a character not likely susceptible to rehabilitation. Finally, the court may consider the defendant's lying only as one fact among many bearing on sentence. *See Commonwealth v. Knight,* 479 Pa. 209, 387 A.2d 1297 (1978).

All these requirements were met here. First, appellant's misstatements were willful. She did not assert an inability to recollect, lack of certainty or reveal any other fact indicating that the falsity of her testimony is attributable to other than a willful decision to give false testimony. Second, the misstatements were material, concerning the necessary elements of her presence at the bar at the time of

the crimes and her participation in the gambling. Third, the verdict necessarily established that she lied. Her testimony directly contradicted that of the officers who observed the crimes. Indeed, appellant admitted at the second hearing that the jury could have convicted her only if it believed that she had lied. Fourth, the testimony of the officers, identifying appellant and describing her activities, justified the jury's verdict and disbelief of appellant's contradictory testimony.[2] Fifth, the trial court observed appellant's testimony, and therefore was in a position to temper the implication of the jury's verdict that appellant had lied. Lastly, the court considered appellant's false testimony only in light of other information relevant to its determination of a proper sentence.

The court considered appellant's special circumstances, imposed a sentence well below that allowed by statute[3] and stated its reasons for doing so. We conclude that appellant's sentence, neither standing alone nor compared to that of her codefendant, was so harsh as to amount to an abuse of discretion. *See Commonwealth v. Knight, supra.*[4]

Judgment of sentence affirmed.

**2.** Appellant has not challenged sufficiency of the evidence to support her conviction. Nonetheless, since she has challenged the propriety of the sentencing court's consideration of her testimony, and the court relied on the jury's verdict in concluding that appellant had lied, we must examine the record to determine if sufficient credible evidence exists to support the jury's determination that appellant did not tell the truth. A finding that the verdict lacked a rational basis would result only in a remand for resentencing, not in discharge. *See Wiegand v. Wiegand,* 461 Pa. 482, 337 A.2d 256 (1975) (appellant court may not *sua sponte* consider issue not raised on appeal).

**3.** Commission of a crime defined in 18 Pa.C.S.A. § 5513 is a misdemeanor of the first degree. For each of her two convictions under that provision, appellant could have received a term of imprisonment of 5 years, 18 Pa.C.S.A. § 1104(1), and a fine of $10,000.00. 18 Pa.C.S.A. § 1101(3).

**4.** Appellant does not assert that the sentence must be vacated because the court failed to articulate reasons for the sentence in compliance with *Commonwealth v. Kostka,* 475 Pa. 85, 379 A.2d 884 (1977), and *Commonwealth v. Riggins,* 474 Pa. 115, 377 A.2d 140 (1977) (plurality opinion), or because the court failed to comply with statutory sentencing guidelines, 18 Pa.C.S.A. §§ 1321 et seq. (Supp.

1978–79). *See Commonwealth v. Kostka, supra.* Accordingly, we do not consider whether the court satisfied these sentencing requirements. *Commonwealth v. Knight,* 479 Pa. 209, 215 n. 3, 387 A.2d 1297, 1301 n. 3 (1978).