460 A.2d 1182

**COMMONWEALTH of Pennsylvania**

v.

**Barbara MITCHELL, Appellant.**

Superior Court of Pennsylvania.

Argued March 17, 1983.

Filed May 27, 1983.

William J. Winning, Media, for appellant.

Andrew S. Kovach, Assistant District Attorney, Media, for Commonwealth, appellee.

Before CERCONE, President Judge, and ROWLEY and HOFFMAN, JJ.

ROWLEY, Judge:

Appellant was convicted, after a jury trial, of burglary, theft and criminal conspiracy.  Post-trial motions were filed

and denied. Appellant was sentenced to a total term of not less than seven years or more than seventeen years imprisonment. This direct appeal followed.

Appellant argues that the trial court erred in allowing the Commonwealth to present testimony concerning a charge of forgery that was filed against her some five years prior to the burglary. We agree that the testimony was improper and prejudicial. Therefore, we will reverse the judgment of sentence and remand for a new trial.

The burglary occurred November 1, 1980, at the home of Robert J. Sanders. The burglary victim, Robert J. Sanders, had at one time been the general manager of Pennell Service Company (Pennell). He testified at trial that he had hired appellant in 1975 as a bookkeeper for Pennell. Appellant left the employment of Pennell in late November or December of 1975. When asked by the prosecutor why appellant left her employment at Pennell, Mr. Sanders testified, over the objection of defense counsel, that "[t]here was missing checks and shortage of ... well, there were checks signed that were not signed by me". He further testified that appellant had been charged with forgery in connection with the incident. The prosecutor then asked:

Q. Now listen to my question, Mr. Sanders. As of November 1, 1980, were those charges ever resolved? Were they tried or just thrown out or did anything happen with those charges?

A. No.

Q. Why not?

A. I can't answer that question.

Q. Well, did you go to a hearing for it?

A. There was no—no hearing.

The Commonwealth argues that this testimony was proper because it showed a motive for the burglary. It argues that Mr. Sanders was responsible for appellant's loss of her job and the filing of the charge of forgery against her and that the resulting ill will was appellant's motive for the burglary.

■■■ It is well settled that evidence of a defendant's prior criminal acts may not be introduced as substantive evidence of his guilt at his trial on another charge. *Commonwealth v. Brown*, 489 Pa. 285, 414 A.2d 70 (1980). However, there are exceptions to the rule. Evidence of other crimes may be introduced to prove motive, intent, absence of mistake or accident, common scheme or plan, or identity. *Commonwealth v. Morris*, 493 Pa. 164, 425 A.2d 715 (1981). Even if relevant, however, in order to be admissible under the motive exception, evidence of the prior crime "must give sufficient ground to believe that the crime currently being considered grew out of or was in any way caused by the prior set of facts or circumstances". *Commonwealth v. Schwartz*, 445 Pa. 515, 522, 285 A.2d 154, 158 (1971).

The evidence in this case does have some relevance to a possible motive. Mr. Sanders did hire appellant and his name was on the forged checks. It is possible that appellant could have blamed him for her dismissal and subsequent arrest.

■■■ However, even if the evidence is arguably admissible under the motive exception, the court must balance the need for the evidence against its potential prejudice in order to determine its admissibility. *Commonwealth v. Wright*, 259 Pa.Super. 293, 393 A.2d 833 (1978). The court must balance on the one side the actual need for the evidence of other crimes in light of the issues and the other evidence available to the prosecution, the convincingness of the evidence that the other crimes were committed by the accused, the strength or weakness of the other crimes evidence in supporting the issue, and on the other side, the degree to which the jury will probably be prejudiced by the evidence. *Id.*, 259 Pa.Superior at 299, 393 A.2d at 836. Applying this balancing test, we hold that the trial court abused its discretion in admitting the evidence concerning the filing of the forgery charge against appellant.

First, appellant was apprehended within minutes of the burglary, in the vicinity of the victim's residence, and in a car with the goods stolen from the residence. There was

little need to introduce evidence of a "motive" for the burglary. The disposition of the forgery charges was never explained,[1] but there is no evidence that appellant was ever convicted of the charge. Furthermore, there is no indication in the record that Mr. Sanders was personally responsible for appellant's dismissal or for her subsequent arrest. In fact, when asked if he had gone to the District Attorney's Office with the information about the checks, Mr. Sanders stated that he had not, that he was only "part of a large corporation", and that an officer of the company would have to do that. Finally, the lapse of time between the alleged prior crime and the burglary (five years) makes any connection between the two events extremely tenuous. Therefore, even if the evidence in question had some slight probative value, it was far outweighed by the prejudicial effect of that evidence.

Because of our disposition of this question, we need not discuss the second issue raised in this appeal.

Judgment of Sentence reversed and case remanded for a new trial.

Jurisdiction relinquished.

---

1. The Commonwealth has attempted to explain the disposition of the charges in a footnote in its brief to this court. However, that information is not part of the record and is not properly before us.