550 A.2d 236

**COMMONWEALTH of Pennsylvania**

v.

**Albert DeSANTO, Appellant.**

Superior Court of Pennsylvania.

Submitted Aug. 29, 1988.

Filed Nov. 10, 1988.

Howard Kaiser, Philadelphia, for appellant.

Donna G. Zucker, Assistant District Attorney, Philadelphia, for Com., appellee.

Before OLSZEWSKI, KELLY and HESTER, JJ.

OLSZEWSKI, Judge:

This is an appeal from the judgment of sentence following appellant's conviction for theft of industrial valves from a Gulf Oil Refinery. We affirm.

The facts giving rise to appellant's arrest and conviction are summarized below. In December of 1984, Gulf Oil received information that a number of large industrial valves were disappearing from the refinery. The fire marshall at the refinery, Timothy Stell, also received anonymous phone calls advising him to be on the lookout for a blue Chevy van which was seen on the refinery premises. Based on this information, the fire marshall and a security lieutenant undertook a surveillance operation at the valve areas.

On December 31, 1984, appellant entered the refinery premises in a blue Chevy van. From about 70 yards away, Stell observed appellant and another man loading valves into the blue van. The van, driven by appellant, then left the valve area. Stell radioed his observation to the security lieutenant who, upon stopping the van, observed four valves in the back. When stopped by the lieutenant, appellant first claimed he was on the premises in the employ of a contractor. Then, however, appellant sped away in the van. A chase ensued with appellant driving the van at speeds up to 50 m.p.h. through the narrow lanes of the refinery. Finally, appellant crashed his van through a padlocked chain link gate and proceeded onto a public highway. A short time later, one of the valves was recovered on the highway which was used by appellant as his escape route. The three remaining valves were recovered still later in the back of a pickup truck. Appellant was ultimately traced through the license plate of the van and charged with theft by unlawful taking and receiving stolen property.

Appellant waived his jury trial right and appeared before the Honorable John A. Geisz on April 12, 1985. Appellant pled guilty to the charges entered, but testified that he stole only one valve which he pushed out of the van after crashing through the padlocked gate. The court found that appellant had stolen all four valves, valued in excess of $3,800.00. As no post-trial motions were filed, the court sentenced appellant to eighteen to thirty-six months imprisonment on June 25, 1985. Appellant, who had been re-

leased on bail on January 25, 1985, continued on bail pending sentence which was to commence on July 1, 1985. On July 1, 1985, appellant filed a petition for vacation or modification of sentence stating that he would cooperate with the District Attorney's office in regard to other persons who may have been involved in taking property from Gulf Oil Corporation. The sentence of the court was vacated and a new date for sentencing was scheduled for August 15, 1985. This date, however, was continued again until November 8, 1985, as the prosecutor informed the court that appellant was cooperating with the police in a further investigation. Finally, on November 8, 1985, the court's sentence of June 25, 1985 was reimposed. On November 15, 1985, appellant filed another petition for vacation or modification of sentence. This petition was denied on December 4, 1985. Notice of appeal to the Superior Court was filed on January 2, 1986. This appeal was dismissed on September 19, 1986, for failure of counsel to file an appellate brief. *Commonwealth v. DeSanto*, No. 89 Philadelphia 1986. On December 28, 1987, appellant filed a petition under the Post Conviction Hearing Act requesting leave to appeal to the Superior Court *nunc pro tunc*. This petition was granted on January 26, 1988, and *nunc pro tunc* notice of appeal was filed on February 17, 1988.

Appellant presents the following two issues for our review:

1. Whether the trial court erroneously applied the sentencing guidelines and otherwise abused its discretion in imposing sentence, and/or whether trial counsel was ineffective for failing to advocate and/or preserve this issue for appeal.

2. Whether the sentence imposed should be vacated and the case remanded for resentencing pursuant to *Commonwealth v. Sessoms*, and/or whether trial counsel was ineffective for failing to advocate and/or preserve this issue for appeal.

Appellant's brief at 3.

As appellant is challenging the discretionary aspects of his sentencing, we must initially determine whether he has

complied with *Commonwealth v. Tuladziecki,* 513 Pa. 508, 522 A.2d 17 (1987). Concisely stated, *Tuladziecki* requires an appellant to set forth, in a separate section of his brief, reasons why his appeal should be granted. *See* Pa.R.A.P. 2119(f). Appellant must indicate these reasons because an attack upon the discretionary aspects of sentencing is not a basis for an appeal as of right, but instead a basis for a discretionary appeal. *Tuladziecki, supra.;* 42 Pa.C.S. § 9781(b). If an appellant has articulated reasons relied upon for allowance of appeal relating to the discretionary aspects of sentencing, the Superior Court must make an assessment as to whether a "substantial question" exists before it embarks on a examination of the merits of the appeal. A "substantial question" exists, and an appeal may be permitted, only when appellant demonstrates that a particular sentence raises doubts that the sentencing code as a whole has been compromised. *Tuladziecki, supra.*

For the limited purpose of determining whether a substantial question exists, the Superior Court must accept appellant's assertions of fact as true. *Commonwealth v. Darden,* 366 Pa.Super. 597, 531 A.2d 1144 (1987). Although proceeding along this line may reveal the appearance of a substantial question; however, this does not automatically entitle appellant to allowance of appeal. 42 Pa.C.S.A. § 9781(b) provides:

Allowance of appeal *may be granted at the discretion of the appellate court* where it appears that there is a substantial question that the sentence imposed is not appropriate under this chapter.

(Emphasis added.).

Thus, while the appearance of a substantial question under 42 Pa.C.S.A. § 9781(b) determines whether allowance of appeal *may* be granted, the sound discretion of this Court shall determine whether it *will* be granted.

In exercising this discretion we may, of course, look to the trial court opinion and/or the record. When the allegations set forth in the separate, concise statement of reasons for allowance of appeal are unsupported or con-

tain material omissions apparent from the face of the record, this Court may deny allowance of appeal despite the appearance of a substantial question based upon appellant's unfounded or misleading allegations.

*Commonwealth v. Darden,* 366 Pa.Super. at 603–04, 531 A.2d at 1147 (emphasis in original).

Instantly, appellant has supplied the following concise statement of reasons relied upon for appeal:

## SUBSTANTIAL QUESTION

THERE IS A SUBSTANTIAL QUESTION THAT THE SENTENCE IMPOSED ON DECEMBER 4, 1985 IS NOT APPROPRIATE UNDER THE SENTENCING CODE.

Defendant was sentenced in accordance with the Sentencing Guidelines, 204 Pa.Code Ch. 303.

The sentencing court erroneously applied the sentencing guidelines by applying a prior record score of "4" under the sentencing guidelines. This was based on a two-count conviction (or two convictions) for forgery and attempted forgery on June 19, 1978, for which defendant was sentenced on February 7, 1979. The trial court's prior score of "4" was based upon two separate forgery convictions, each graded an "F–2," and hence computed as two points each in the prior record score; however, each conviction involved a commercial instrument. Hence, said convictions should have been graded "F–3" prior convictions, computed as one point each. Furthermore, said convictions were prosecuted concurrently with common and coincident aspects and should have been considered as having arisen out of the same criminal transaction; hence, said convictions should have been scored as a single conviction under Section 303.7(c).

The trial court misperceived appellant's criminal record as including guilty pleas to five offenses; one of these was a Section 17 disposition under the controlled substance Act. Appellant pled guilty to at most four offenses.

The trial court relied upon insufficient, improper, and inaccurate information under the Sentencing Code, including effectively penalizing appellant for asserting a defense and failing to cooperate with the authorities.

The trial court failed to fully consider the standards and principles of the Sentencing Code, including the specific factors pertaining to each of the sentencing alternatives. These criteria are set forth at, inter alia, 42 Pa.C.S.A. Secs. 9721, 9722, 9724, 9725, 9781. The trial court underestimated or disregarded factors pertaining to the history and characteristics, including rehabilitative needs, of the defendant; it overestimated and overemphasized the nature and circumstances of the subject offense.

The trial court sentenced defendant in the aggravated range of the sentencing guidelines where this was clearly unreasonable.

The trial court imposed a sentence, 1–1/2 to 3 years total confinement in a state correctional facility, which was manifestly excessive and constituted an abuse of discretion.

Appellant's brief at pp. 15–16.

■ Accepting as true all of appellant's assertions of fact contained in the above statement, we find that he has presented the appearance of a substantial question. We are unable, however, to grant review in this case for the reason that several of appellant's contentions are either based on assertions of fact not included in the record or are misstatements of recorded facts.[1] Although appellant has appended documents to his brief purporting to support his claims,

1. There is no transcript of sentencing proceedings in the record of the instant case. Appellant states in his brief that communications with common pleas reporters have established that this transcript cannot be located. Despite the lack of a transcript, we feel the trial court opinion contains sufficient documentation of its reasons for the imposition of sentence to provide for adequate review. *See, Commonwealth v. Devers,* 519 Pa. 88, 546 A.2d 12 (1988) (should not assume that where sentencing court is in possession of facts that the facts were not applied in the instant case; sentencing court's discretion will not be disturbed where it can be demonstrated that judge had degree of awareness of sentencing considerations and that the weighing process took place in meaningful fashion).

these documents are not properly before us as it is well established that facts outside the record may not be considered on appeal. *Commonwealth v. Quinlan,* 488 Pa. 255, 412 A.2d 494 (1980); *Commonwealth v. Young,* 456 Pa. 102, 317 A.2d 258 (1974); *Commonwealth v. Mitchell,* 314 Pa.Super. 364, 460 A.2d 1182 (1983); *Commonwealth v. Nelson,* 311 Pa.Super. 1, 456 A.2d 1383 (1983); *Commonwealth v. Griffis,* 310 Pa.Super. 547, 456 A.2d 1071 (1983) (facts, even though not in dispute, when not part of record may not be considered on appeal); *Commonwealth v. Rini,* 285 Pa.Super. 475, 427 A.2d 1385 (1981) (allegations in brief, even when not substantially challenged are not part of record).

Reviewing appellant's bases for allowance of appeal, we make the following observations. Appellant's argument that the trial court improperly computed his prior record score by mischaracterizing two prior forgery convictions is based on facts outside the record which may not be considered by this Court.[2] Next, appellant contends that the trial court failed to consider evidence presented by a pre-sentence investigator, Naughton, and a psychologist who recommended probation. The reports of these individuals also are not in the record and, therefore, may not be considered by this Court in reviewing appellant's claim.

Appellant next contends that the trial court misperceived appellant's criminal record as including five guilty pleas. Appellant claims that the trial court incorrectly counted a Section 17 disposition under the controlled substances act as a guilty plea.[3] Appellant argues that according to the

**2.** Appellant contends that the forgery convictions involved a commercial instrument and, therefore, should have been graded as "F–3" rather than "F–2." Appellant also contends that these convictions arose out of the same transaction and, therefore, should have been scored as a single conviction. There is nothing in the record to support these claims. The only evidence in the record pertaining to the prior forgery convictions is appellant's court history in which he pled guilty to counts of forgery.

**3.** A section 17 disposition arises under The Controlled Substance, Drug, Device and Cosmetic Act 35 P.S. § 780–117. This section provides in pertinent part that, "a person ... is eligible for probation

statute, a Section 17 disposition "shall not constitute a conviction for any purpose whatever." There is nothing in the record or the trial court's opinion to support appellant's implied assertion that the trial court considered the Section 17 disposition as a conviction. Furthermore, there was nothing improper in the trial court's consideration of appellant's parole without verdict disposition for sentencing purposes. *Commonwealth v. Palmer*, 315 Pa.Super. 601, 462 A.2d 755 (1983) (a court may consider criminal activity or preparation for crimes as factors in sentencing even though no arrest or conviction resulted).

Next, appellant contends that the trial court penalized him for asserting a defense and failing to cooperate with the authorities. The trial court expressly acknowledged in its opinion that every defendant is entitled to present a defense. It then stated that no penalty for taking such action is reflected in the sentence of the court. Appellant has presented no argument or evidence supporting an attack on the veracity of this statement. Appellant's belief that he was being penalized, therefore, is unsupported by evidence of record. The trial court also related a litany of appellant's promises and subsequent reneging on these promises to law enforcement authorities to evidence the unstable credibility of the appellant. Although we believe that the court's statement that no penalty was imposed for these actions also pertains to appellant's history of broken promises, we do not feel that consideration of such actions for sentencing purposes would be improper. *See, Commonwealth v. Thurmond*, 268 Pa.Super. 283, 407 A.2d 1357 (1979) (*allocatur denied*) (trial court may consider false testimony in sentencing).

The remainder of appellant's statement of reasons supporting an allowance of appeal consists of a recitation of numerous sections of the sentencing code with the contentions that the trial court failed to properly consider and apply the various criteria and standards of the code, unrea-

without verdict if he pleads nolo contendere or guilty to, or is found guilty of, any nonviolent offense under this act."

sonably sentenced the appellant in the aggravated range, and imposed a sentence which constituted an abuse of discretion. These contentions are boilerplate allegations which do not present a substantial question.

■ Although we have determined that appellant is not entitled to a review of the discretionary aspects of his sentencing, we must still review his claim that his sentence should be vacated and the case remanded for resentencing because the guidelines were declared invalid by *Commonwealth v. Sessoms*, 516 Pa. 365, 532 A.2d 775 (1987). Instantly, appellant has failed to properly preserve a challenge to the constitutionality of the sentencing guidelines, therefore, *Sessoms* is inapplicable. *Commonwealth v. Samuels*, 516 Pa. 300, 532 A.2d 404 (1987); *Commonwealth v. Woodward*, 368 Pa.Super. 363, 534 A.2d 478 (1987).

Next, appellant presents the last gasp claim that trial counsel was ineffective for failing to preserve the issue that the trial court abused its discretion in sentencing and that the sentencing guidelines are unconstitutional. Appellant's argument with regard to the abuse of discretion in sentencing consists of the following:

> [A]ppellant is alternatively couching this issue in terms of an ineffectiveness claim, if and to the extent that trial counsel may be deemed to have been ineffective for failing to raise and/or argue and/or advocate and/or preserve any of the arguments presented to appellant herein. Trial counsel, Mr. Freeman, did file two petitions to modify sentence, which are of record, and wherein he did assert that the sentence imposed was "contrary to the sentence guideline." This ineffectiveness claim is the logical complement to the straightforward discretionary aspect of sentencing claim, with the hopes of ensuring consideration by this Honorable Court of all the arguments presented herein.

Appellant's brief at 30.

With respect to appellant's *Sessoms* issue, he presents the following in support of the claim of ineffectiveness of trial counsel:

It appears that trial counsel did not argue the unconstitutionality of the sentencing guidelines before the lower court, as the defendant did in *Sessoms*. For this reason appellant herein alternatively couches this claim in terms of ineffectiveness of trial counsel to preserve this issue for appeal. It is recognized that appellate courts have refused to deem counsel ineffective for failing to anticipate changes in the law, in varying contexts; it is further recognized that the effect of *Sessoms* may not have been automatic entitlement to vacation and resentencing for all pre-Sessoms sentences imposed under the guidelines now on appeal. Nevertheless, appellant believes that this issue has arguable merit.

Appellant's brief at 31.

■ Appellant's ineffectiveness of counsel claims are raised in a vacuum. He is not factually specific nor does he allege actual prejudice on issues of arguable merit. *See, Commonwealth v. Pierce*, 515 Pa. 153, 527 A.2d 973 (1987); *Commonwealth v. Courts*, 315 Pa.Super. 124, 461 A.2d 828 (1983). A naked allegation, without more, will not support a claim of ineffectiveness. *Commonwealth v. Johnson*, 355 Pa.Super. 123, 512 A.2d 1242 (1986) *citing Commonwealth v. Parker*, 503 Pa. 336, 469 A.2d 582 (1983). Furthermore, counsel will not be held ineffective for failing to pursue a meritless claim. *Commonwealth v. Strickland*, 306 Pa.Super. 516, 452 A.2d 844 (1982).

Furthermore, we note that trial counsel filed a petition to vacate or modify sentence which claimed that the sentence was arbitrary and capricious, and contrary to the sentencing guidelines. We are of the opinion that this language is sufficient to preserve the claim that the sentencing guidelines were improperly applied and the trial court abused its discretion.

Finally, appellant acknowledges that counsel cannot be held ineffective for failing to predict changes in the law. Still, he requests that we do just that in this case. We

446

decline to do so. *Commonwealth v. Triplett,* 476 Pa. 83, 381 A.2d 877 (1977).

Judgment of sentence affirmed.