J-S32027-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| TERRELL CURTIS TITTLE | : | No. 1427 MDA 2017 |

Appeal from the Judgment of Sentence August 15, 2017
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0002192-2016

BEFORE: PANELLA, J., NICHOLS, J., and PLATT, J.[*]

MEMORANDUM BY NICHOLS, J.:                **FILED SEPTEMBER 07, 2018**

The Commonwealth appeals from the judgment of sentence entered after Appellee Terrell Curtis Tittle pled *nolo contendere* to six counts of retail theft, and one count each of robbery, fleeing or attempting to elude an officer, and use of an altered document.[1] The Commonwealth asserts that the trial court erred in resentencing Appellee without complying with 42 Pa.C.S. § 9777 and abused its discretion when imposing a sentence below the mitigated range of the sentencing guidelines. We affirm.

The underlying facts of this matter include the following. Appellee engaged in a series of six retail thefts and one robbery at gas stations and

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 3929(a)(1), 3701(a)(1)(ii); 75 Pa.C.S. §§ 3733(a), and 7122(3), respectively.

convenience stores over the span of approximately a month. The incident of robbery involved Appellee threatening a cashier with a gun. When the police attempted to apprehend Appellee following the final theft, he initially did not stop the vehicle he was driving, and the police executed a rolling roadblock. Additionally, the registration plate of the car Appellee was driving[2] had been physically altered.

Appellee was charged at eight different dockets. On April 6, 2017, Appellee entered an open no contest plea to six counts of retail theft, and one count each of robbery, fleeing or attempting to elude an officer, and use of an altered document. At sentencing on June 26, 2017, Appellee's counsel informed the court that Appellee was suffering from colorectal cancer. The court rejected Appellee's cancer diagnosis as a basis to mitigate his sentence and imposed an aggregate sentence of 6½ to 13 years of incarceration.

On July 6, 2017, Appellee filed a timely post-sentence motion seeking reconsideration of his sentence on the basis of his diagnosis of stage IV colorectal cancer that had spread to his lymph nodes and liver.[3] Mot. for Recons. of Sentence, 7/6/17, at 2 (unpaginated).[4] *Id.*

---

[2] Appellee had borrowed his girlfriend's car without her consent.

[3] Appellee initially also requested reconsideration of the application of the deadly weapon enhancement that had affected his sentence for robbery. However, at the argument on the motion for reconsideration, Appellee abandoned this argument. *See* N.T. Mot. for Recons., 8/15/17, at 22.

[4] Shortly thereafter, Appellee also filed a notice of appeal from the judgment of sentence, which he withdrew on July 28, 2017.

The trial court held an argument on August 15, 2017. Appellee asserted that he had been at the State Correctional Institution at Camp Hill (SCI Camp Hill) for approximately one month. He stated that while at SCI Camp Hill, he had the following issues with his medical treatment: (1) he missed chemotherapy treatment; (2) he was only prescribed Tylenol for pain related to his cancer; and (3) he had stitches removed in an untimely manner. *See* N.T. Mot. for Recons., 8/15/17, at 6-17. Appellee's counsel noted that she was unable to "get a doctor to [indicate] exactly what [Appellee's] prognosis is."[5] *Id.* at 19. The Commonwealth responded that the original sentence imposed properly took into consideration the appropriate factors and that modification would be solely for Appellee's convenience. *Id.* at 19-20.

At the conclusion of the reconsideration hearing, the trial court noted that it was "rather egregious that [Appellee had not] received even close to

_____

[5] The trial court noted in its opinion pursuant to Pa.R.A.P. 1925(a) that it had

> received a letter of disease confirmation . . . which indicated that [Appellee] was diagnosed with rectal cancer by Cancer Care Associates of York, Medical Oncology & Hematology. . . . [A] second letter of disease confirmation . . . stated that [Appellee] had a forty percent (40%) statistical chance [of] surviving one (1) year from his diagnosis, twenty percent (20%) chance of surviving to two (2) years, and a ten percent (10%) chance of surviving to three (3) years. However, pursuant to the letter, if [Appellee] were to comply with proper treatment, [his] chances of surviving would double.

Trial Ct. Op., 11/30/17, at 2. This letter is not part of the certified record.

proper medical care while incarcerated at SCI Camp Hill, [and was] going to modify [the] sentence in these cases." *Id.* at 24-25. The trial court resentenced Appellee to an aggregate sentence of one year minus one day to two years minus two days of incarceration in the York County Prison, to be followed by five years' probation on house arrest.[6] *Id.* at 26-27. The Commonwealth did not object after the sentence was handed down, nor did the Commonwealth file a post-sentence motion.

The Commonwealth filed a timely notice of appeal and court-ordered concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). The trial court complied with Pa.R.A.P. 1925(a).

The Commonwealth raises the following issues for our review:

1. Whether the trial court erred by not following the evidentiary and sentencing requirements of 42 Pa.C.S. § 9777[.]

2. Whether the trial court erred when it granted [Appellee's] post-sentence motion for modification of sentence where there was no allegation by [Appellee] in his motion of any failure by the Department of Corrections to care for [Appellee]?

3. Whether the trial court erred when it resentenced [Appellee] from six-and-a-half to thirteen years' incarceration in a state correctional facility to a new sentence of time served to two years minus two days, followed by a five[-]year probationary sentence[.]

4. Whether the trial court abused its discretion when it resentenced [Appellee] to a sentence of less than twelve months['] incarceration for robbery (threat of serious bodily

_____

[6] We note that Appellee was subsequently paroled by the trial court and released to detainers filed by the State of Maryland.

injury) where [Appellee's] standard guideline sentence range was a minimum of seventy-eight to ninety months[.]

Commonwealth's Brief at 4-5.[7]

In its first two issues, the Commonwealth asserts that Appellee's claims for resentencing made based on his cancer were governed by 42 Pa.C.S. § 9777. *Id.* at 20. The Commonwealth argues that "[t]here are various requirements [under Section 9777] for this type of treatment of a defendant that the trial court neglected to follow." *Id.* at 20. These include that Appellee was required to show that he was not expected to live more than one year and that no representative from State Correctional Institution Camp Hill was provided an opportunity to be heard on the motion to modify sentence. *Id.* at 23-24, 29-30 (citing 42 Pa.C.S. § 9777(a)(1)). Additionally, the trial court's sentence moved him to the York County Prison rather than a medical care facility. *Id.* at 23. Because the Commonwealth's arguments challenge the statutory authority of the trial court to resentence rather than defer service of a sentence, they sound in the legality of the sentence and cannot be waived. *Cf. Commonwealth v. Jacobs*, 900 A.2d 368, 372 (Pa. Super. 2006) (*en banc*) (noting "[v]arious types of claims do implicate the legality of the sentence, because they implicate the trial court's statutory authority to impose a certain sentence").

Section 9777 provides as follows:

**(a) Inmates committed to custody of department.**—If an inmate is committed to the custody of the department, the

---

[7] We have reordered the Commonwealth's issues for ease of disposition.

department, the inmate or a person to whom the court grants standing to act on behalf of the inmate may petition the sentencing court to temporarily defer service of the sentence of confinement and temporarily remove the inmate committed to the custody of the department, or other facility, for placement in a hospital, long-term care nursing facility or hospice care location. The following shall apply:

(1) The sentencing court may approve the petitioner's request to temporarily defer service of the sentence of confinement and place the inmate in a hospital or long-term care nursing facility under electronic monitoring by the department upon clear and convincing proof that all of the following apply:

(i) The medical needs of the inmate can be more appropriately addressed in the hospital or long-term care nursing facility.

(ii) The hospital or long-term care nursing facility requested by the petitioner has agreed to accept the placement of the inmate and to provide necessary medical care.

(iii) The inmate is seriously ill and is expected by a treating physician to not live for more than one year.

(iv) There are no writs filed or detainers lodged against the inmate and the inmate is not subject to any court order requiring the inmate's presence.

(v) The placement in the hospital or long-term care nursing facility does not pose an undue risk of escape or danger to the community. In making this determination, the sentencing court shall consider the inmate's institutional conduct record, whether the inmate was ever convicted of a crime of violence, the length of time that the inmate has been imprisoned and any other factors the sentencing court deems relevant.

(vi) The hospital or long-term care nursing facility has agreed to notify the department and the court of any material changes in the health status of the inmate, the nature of the care provided or other information required by the department.

(vii) Each agency representing the Commonwealth at a proceeding which resulted in an order committing or

detaining the inmate, the State or local correctional facility housing the inmate and any registered crime victim have been given notice and an opportunity to be heard on the petition.

42 Pa.C.S. § 9777(a)(1).

Instantly, although Appellee did not request relief under Section 9777 or meet its requirements, he filed a timely post sentence motion asserting that his sentence was excessive under the circumstances. Nothing in Section 9777 precludes the trial court from exercising its original sentencing discretion based on a timely post-sentence motion. *Cf. Commonwealth v. Thurmond*, 407 A.2d 1357, 1359 (Pa. Super. 1979) (affirming unequal sentences of two co-conspirators on the basis that "[t]he health of one of the defendants is a valid consideration in imposing sentence"). Accordingly, we discern no merit to the Commonwealth's claim that the trial court was bound to apply Section 9777 at resentencing.

We next address the Commonwealth's final two issues, which challenge the discretionary aspects of sentencing. The Commonwealth asserts that the motion for modification of sentence was not "stated with specificity and particularity." Commonwealth's Brief at 17-18 (citing Pa.R.Crim.P. 575(A)(2)(c); 720(B)(1)(a)). The Commonwealth further argues that Appellee "did not provide any evidence to support" reducing his sentence. *Id.* at 17. Finally, the Commonwealth asserts that the trial court resentenced Appellee to a sentence below the mitigated range of the sentencing guidelines for robbery without an adequate factual basis and without providing its

reasoning on the record.  *Id.* at 24-25 (citing *Commonwealth v. Shull*, 148 A.3d 820, 837 (Pa. Super. 2016)).

It is well-settled that a challenge to the discretionary aspects of sentencing is not reviewable as a matter of right.  *Commonwealth v. Coss*, 695 A.2d 831, 834 (Pa. Super. 1997).  Before reaching the merits of a discretionary aspects of sentencing issue, this Court must determine whether the Commonwealth: (1) preserved the issue either by raising it at the time of sentencing or in a post-sentence motion; (2) filed a timely notice of appeal; (3) set forth a concise statement of reasons relied upon for the allowance of its appeal pursuant to Pa.R.A.P. 2119(f); and (4) raises a substantial question for our review.  *Commonwealth v. Dunphy*, 20 A.3d 1215, 1220 (Pa. Super. 2011).

Here, the Commonwealth filed a timely notice of appeal, and the Commonwealth's brief contains a Rule 2119(f) statement.  However, the Commonwealth did not object once the sentence was handed down and did not file a post-sentence motion.[8]  Therefore, the Commonwealth failed to

---

[8] We note that the Commonwealth argued at the resentencing hearing that it would be unreasonable for the trial court to reduce Appellee's sentence without evidence being presented to justify the mitigated sentence.  *See* N.T., 8/15/17, at 19-20.  However, this argument was made prior to the sentence being handed down, rather than as an objection to the sentence after it was announced.  To the extent that the Commonwealth contends that Appellee's post sentence motion was too vague, that claim was not raised at the time of sentencing.

preserve its discretionary aspects of sentencing issues for review. *See Commonwealth v. Malovich*, 903 A.2d 1247, 1251 (Pa. Super. 2006).

In any event,[9] we note that

> [s]entencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Shull*, 148 A.3d at 831 (citation omitted).

Here, Appellee's sentence is below the mitigated range of the sentencing guidelines. Therefore, we would only reverse the trial court if we find that the circumstances of the case rendered the deviation from the guidelines to be "unreasonable." 42 Pa.C.S. § 9781(c)(3).

Our review of the reasonableness of the deviation is based upon the factors contained in 42 Pa.C.S. § 9781(d), and the trial court's consideration of the general sentencing standards contained in 42 Pa.C.S. § 9721(b).[10] *See*

---

[9] A claim that a sentence is "excessively lenient and unreasonably deviate[s]" below the applicable guideline ranges presents a substantial question. *See Commonwealth v. Sims*, 728 A.2d 357, 359 (Pa. Super. 1999) (indicating that the Commonwealth raised a substantial question when it claimed that the trial court unreasonably relied on certain factors to impose a sentence below the mitigated range of the guidelines and that the circumstances did not support such downward deviation).

[10] Section 9721(b) states that "the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the

*Commonwealth v. Baker*, 72 A.3d 652, 663 (Pa. Super. 2013). A sentencing court, "in carrying out its duty to impose an individualized sentence, may depart from the guidelines when it properly identifies a particular factual basis and specific reasons which compelled it to deviate from the guideline range." *Shull*, 148 A.3d at 836 (citation, brackets, and internal quotation marks omitted). A defendant's physical condition is a factor that the trial court may consider in exercising its discretion to impose sentence. *Commonwealth v. Landi*, 421 A.2d 442, 444 (Pa. Super. 1980); *see also Commonwealth v. Flowers*, 950 A.2d 330, 333 n.2 (Pa. Super. 2008) (medical history is a factor to be considered in a properly crafted PSI report).

_____

community, and the rehabilitative needs of the defendant." 42 Pa.C.S. § 9721(b).

Section 9781(d) provides:

> In reviewing the record, the appellate court shall have regard for:
>
> (1) The nature and circumstances of the offense and the history and characteristics of the defendant.
>
> (2) The opportunity of the sentencing court to observe the defendant, including any presentence investigation.
>
> (3) The findings upon which the sentence was based.
>
> (4) The guidelines promulgated by the commission.

42 Pa.C.S. § 9781(d).

In **Shull**, "the Commonwealth assert[ed] that the [trial] court unreasonably departed from . . . the robbery guideline ranges when it imposed a below-mitigating range departure sentence designed for the sole purpose of securing a county sentence for [the defendant]." **Id.** at 832. As this Court noted, the trial court "was unable to place [the defendant] in the county facility unless the District Attorney consented, and she did not consent. For this reason, alone, the court *sua sponte* reduced [the defendant's] sentence to 11 1/2 to 24 months, less one day, to circumvent the restrictions of [42 Pa.C.S. §] 9762(b)(2)."[11] **Id.** at 833.

The **Shull** Court held that, when reviewed in light of Sections 9721 and 9781, "the [trial] court supplied an inexplicably inadequate factual basis to substantiate a sentence significantly below the mitigating range for a typical first-degree felony robbery conviction." **Id.** at 836. This was because the trial court failed to consider the defendant's individual history and the crime he committed; instead, the trial court tailored a sentence according to what was necessary to avoid a State sentence for the defendant, regardless of whether the term was consistent with the principles in the sentencing scheme. **Id.**

_____

[11] Section 9762(b)(2) provides that a sentence with a maximum term of two years but less than five years shall be committed to the Department of Corrections unless certain findings are made, including that the attorney for the Commonwealth has consented to the person being confined in county prison. **See** 42 Pa.C.S. § 9762(b)(2).

Here, contrary to the Commonwealth's assertion, the trial court included its reasoning on the record for resentencing Appellee below the mitigated guideline range. In sentencing Appellee to a mitigated sentence that could be served in York County Prison, the trial court stated that it could not "ignore the fact that [Appellee is] not receiving anything close to what he needs to be receiving to stay alive." N.T. Mot. for Recons., 8/15/17, at 21. Moreover, it is apparent that at resentencing, the trial court considered Appellee's individual history and circumstances in the context of his medical needs. *See* 42 Pa.C.S. §§ 9721(b), 9781(d).

For these reasons, the trial court's decision to reduce Appellee's sentence based on medical needs was not unreasonable. *See* 42 Pa.C.S. § 9781(c)(3). Further, we find *Shull* is distinguishable from the instant matter, as the trial court's sentence was based on permissible factors, namely his medical condition. *See Shull*, 148 A.3d at 836; *Thurmond*, 407 A.2d at 1359. Thus, even if the Commonwealth had not waived its discretionary aspects of sentencing claims, it would not be entitled to relief.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 09/07/2018

- 12 -