J-S21045-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| REMIC GUYAH | : | |
| | : | |
| Appellant | : | No. 1610 EDA 2020 |

Appeal from the Order Entered June 12, 2020
In the Court of Common Pleas of Philadelphia County Criminal Division at
No: CP-51-CR-0200121-2006

BEFORE: BOWES, J., OLSON, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:          **FILED JANUARY 14, 2022**

Appellant, Remic Guyah, appeals from the order denying the Motion for Extraordinary Relief, filed May 28, 2020.[1] The facts underlying this appeal are as follows. On July 8, 2009, following a jury trial, Appellant was convicted in absentia of robbery, possession of a firearm without a license, carrying a firearm on a public street in Philadelphia, possession of an instrument of

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] The certified docket reflects one notation for a Miscellaneous Motion filed on May 28, 2020, which is the subject of this appeal. However, the certified record contains a "Motion for Extra Ordinary [sic] Relief pursuant to Coronavirus Pandemic/Crisis," post-marked May 1, 2020 and stamped as received by the trial court on May 21, 2020. The certified record also contains a supplemental "Motion for Extra Ordinary [sic] Relief pursuant to Coronavirus Pandemic/Crisis," post-marked May 28, 2020 and stamped as received by the trial court on June 8, 2020. We will refer to the motions as "Motion" and "Supplemental Motion," respectively, and treat both as filed May 28, 2020.

crime, and criminal conspiracy.[2]  Order, 7/8/09.  The trial court sentenced Appellant to 13 to 26 years' incarceration.  **Id**.  Appellant filed a timely post-sentence motion, which the trial court denied.  Order, 7/15/09.  Appellant did not file a notice of appeal from his judgment of sentence.

On March 20, 2013, Appellant filed his first petition pursuant to the Post Conviction Relief Act (PCRA).[3]  The PCRA court appointed counsel and counsel filed an application to withdraw as counsel and a no-merit letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).  The PCRA court permitted counsel to withdraw and ultimately dismissed the petition.  Order, 12/12/14.  Appellant did not file a notice of appeal.  Thereafter, Appellant filed several PCRA petitions.

Relevant to this appeal, on May 28, 2020, Appellant filed the Motion and Supplemental Motion at issue in this appeal.  Appellant requested the trial court grant him "compassionate release . . . pursuant to the novel covid-19 pandemic."  Motion, 5/28/20, at 2.  Additionally, Appellant supplemented the original motion with updated statistics and information regarding the coronavirus.  Supplemental Motion, 5/28/20.  Again, Appellant requested the trial court grant the motion "on the basis of compassionate release . . . pursuant to the novel covid-19 pandemic."  **Id**., at 3.

---

[2] 18 Pa.C.S. §§ 3701, 6106, 6108, 907, and 903, respectively.

[3] 42 Pa.C.S. §§ 9541–9546.

On June 12, 2020, the trial court denied Appellant's motion. Order, 6/12/20. On June 24, 2020, Appellant filed this timely notice of appeal.[4]

Appellant presents the following issue for our review:

Did the PCRA court abuse its discretion when it denied Appellant[s] motion for extraordinary relief, filed timely, pursuant to the coronavirus pandemic?

Appellant's Brief, at 3.

First, we note that the trial court correctly treated Appellant's motion as falling outside of the relief provided by the PCRA. This Court has held "that the PCRA subsumes all forms of collateral relief, including *habeas corpus,* **to the extent a remedy is available under such enactment**." ***Commonwealth v. West***, 938 A.2d 1034, 1043 (Pa. 2007) (citation omitted) (emphasis in original). Appellant requested "compassionate release" from prison due to the coronavirus pandemic. Motion, 5/28/20, at 2. Appellant argued that the pandemic has created a dire situation for his physical and mental health, that he is more at risk as a Black American, and he has already served 8 years of his sentence. Motion, 5/28/20, at 2; Supplemental Motion, 5/28/20, at 2. The requested relief falls outside the PCRA.[5]

---

[4] Appellant's notice of appeal was received August 19, 2020. However, pursuant to the Prisoner Mailbox Rule, Appellant's notice of appeal is timely as the envelope is post-marked June 24, 2020. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

[5] Additionally, although Appellant's appeal from a serial PCRA petition was pending before this Court at the time he filed the current motion, the trial

*(Footnote Continued Next Page)*

In its opinion, the trial court stated,

> The Court has no authority to order the release of a state prisoner because of the coronavirus pandemic. Only the Pennsylvania Board of Parole and Probation has jurisdiction to release defendant on parole. . . . While there is statutory authorization for the sentencing court to order temporary release of an inmate to a medical facility or hospice care if the inmate is terminally ill, ***see*** 42 Pa.C.S. Section 9777, defendant does not allege that he is at all ill and seeks release into the community, not into hospice care or a medical facility. Therefore, the Court was without authority to grant defendant the relief sought in his motions.

Trial Court Opinion (TCO), at 2.

> Section 9777 provides, in part,

> The sentencing court may approve the petitioner's request to temporarily defer service of the sentence of confinement and place the inmate in a hospital or long-term care nursing facility under electronic monitoring by the department . . . [or]

> in order for the inmate to receive care from a licensed hospice care provider, proposed by the petitioner and subject to electronic monitoring by the department . . .

42 Pa.C.S. § 9777. Our standard of review is as follows.

> [W]e shall review the sentencing court's denial of the petition for transfer of an inmate in need of medical treatment for an abuse of discretion.

> "An abuse of discretion will not be found merely because an appellate court might have reached a different conclusion, but requires a result of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous."

---

court was not restricted by ***Commonwealth v. Lark***, 560 Pa. 487, 493, 746 A.2d 585, 588 (2000) (*overruled on other grounds by* ***Commonwealth v. Small***, 238 A.3d 1267 (Pa. 2020)).

*Commonwealth v. Folk*, 40 A.3d 169, 173–74 (Pa. Super. 2012).

Appellant disputes the trial court's interpretation of his motion as a request under Section 9777 or a request for early parole. First, Appellant argues that Section 9777 does not apply to him because he is not alleging that he is sick. Appellant's Brief, at 8. Appellant, however, argues that "nothing in Section 9777 precludes the trial court from exercising its original sentencing discretion based on a timely motion made during the pandemic." *Id*. Appellant cites *Commonwealth v. Thurmond*, 407 A.2d 1357 (Pa. Super. 1979) to support this proposition. However, Appellant's argument is belied by a reading of *Thurmond*. In *Thurmond*, the trial court sentenced two co-defendants to different sentences and this Court remanded for a new sentencing hearing and ordered the trial court to place its reasons for the different sentences on the record. *Id*. The trial court resentenced the defendants and stated it took into consideration the heart condition of one defendant in sentencing him to a lesser sentence. *Id*. This Court affirmed the judgment of sentence. *Id*. Appellant's argument is without merit. The trial court had no such authority to resentence him.

Next, Appellant argues that he requested "release on extraordinary and compelling circumstances, pursuant to the covid-19 pandemic." *Id*. Appellant argues that the Federal government has "created the First Step Act" and "amended 18 U.S.C. § 3582(c)(1)(A)" to "provide an opportunity to apply to the sentencing court for a sentence reduction based on extraordinary and compelling reasons." *Id*., at 9. In his Reply Brief, Appellant argues that the

trial court erred in applying Section 9777 to a global pandemic because "the language of the statue does not have the statutory language as 18 USC 3582 where all of the United States Congress agree that the covid-19 can be use [sic] as a legal basis to get relief from a lengthy sentence." Appellant's Reply Brief, at 10-11. Appellant filed a "motion for leave to amend further argument to Appellant Reply Brief," with this Court on January 3, 2022. Appellant requested permission to amend his Reply Brief with information regarding the Department of Correction's "notice issue to the inmate population about the dangerous risk and side effect of the [Johnson & Johnson] vaccine." Motion, 1/3/22. We grant the motion and consider it a supplement to his Reply Brief.

Appellant urges this Court to look to federal law in order to review the trial court's decision on his motion and points to the lack of relief available to him within the confines of state law. First, Appellant has not preserved this issue by raising it with the trial court. His motion specifically requested "compassionate release" due to the "coronavirus pandemic." Motion, 5/28/21, at 1; Supplemental Motion, 5/28/21, at 3. Issues not raised before the lower court are waived and cannot be raised for the first time on appeal. Pa.R.A.P. 302(a). Even if not waived, Appellant's argument is without merit because Appellant was convicted of crimes under the Pennsylvania Crimes Code, sentenced according to Pennsylvania law and incarcerated by the Pennsylvania prison system, therefore, the federal statute does not apply to him.

We find that the trial court did not abuse its discretion in denying Appellant's motion for compassionate release due to the coronavirus pandemic. The trial court correctly determined that Appellant did not allege he had a terminal illness or any illness as contemplated by Section 9777. Nor did Appellant provide any documentation of a current medical condition or reach the clear and convincing standard necessary under the statute. Therefore, we find the trial court did not abuse its discretion in denying Appellant's motion. We may affirm the trial court on any valid basis appearing of record. *See Commonwealth v. Moore*, 937 A.2d 1062, 1073 (Pa. 2007) (citation omitted).

Order affirmed. "Motion for leave to amend further argument to Appellant Reply Brief," filed January 3, 2022, granted. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/14/2022