690 A.2d 279

**COMMONWEALTH of Pennsylvania**

v.

**Ricky Lee BOWERSOX, Appellant.**

Superior Court of Pennsylvania.

Argued Jan. 30, 1997.

Filed Feb. 18, 1997.

Christine Konzel, Erie, for Appellant.

. Matthew Hayes, Asst. Dist. Atty., Erie, for Com., appellant.

Before TAMILIA, SAYLOR and SCHILLER, JJ.

TAMILIA, Judge:

Ricky Lee Bowersox appeals from the May 1, 1996 judgment of sentence imposing consecutive terms of imprisonment of eighteen (18) to forty-eight (48) months and six (6) to twenty-four (24) months. Following a jury trial, appellant was convicted of burglary [1] and criminal conspiracy.[2]

Briefly stated, the record in this case reveals that on October 29, 1993, appellant and his cousin, Stanley Bowersox, burglarized a pet store in Erie, Pennsylvania. Stanley Bowersox had obtained a key to the pet store from his then-girlfriend Linette Healey, an employee of the pet store. Shortly after the burglary, appellant gave a statement to Officer Tom Wager of the Wesleyville Police Department in which he admitted entering the pet store with Stan, but denied that he took any money, claiming instead that Stan took the money. Appellant also claimed that he believed Stan "had to pick something up" for his girlfriend, N.T., 3/14/96, p. 91, and that he was unaware that Stan intended to steal from the store. On the other hand, Stan gave a statement in which he indicated that he gave the key to appellant and that only appellant entered the pet store and came out with the money. Appellant and Stan testified to their respective stories at trial.

1. 18 Pa.C.S. § 3502.

2. *Id.,* § 903. Appellant also was convicted of theft by unlawful taking, *id.,* § 3921, but this offense was merged with the burglary count for sentencing purposes.

Although a warrant was issued for appellant's arrest on February 3, 1994, he was not apprehended until June 27, 1995. Following trial, appellant was convicted and received the above-mentioned sentences.

On appeal, appellant claims his sentence was manifestly excessive and unreasonable because he had no criminal record, had employment waiting for him at the time of sentencing and had a nine-year old daughter with whom he wished to maintain contact. Appellant also claims the court, in imposing sentence, improperly relied upon its belief that appellant had lied to the jury. As to this latter claim, appellant argues that, "Relying on a belief in perjury would exert a 'chilling effect' on all accuseds—be they innocent or guilty—who might wish to exercise their fundamental absolute constitutional right to testify in their own behalf." (Appellant's brief at 7.) Since appellant is challenging the discretionary aspects of sentencing, we must determine whether he has raised a substantial question as to the appropriateness of his sentence under the Sentencing Code as a whole. See 42 Pa.C.S. § 9781(b); *Commonwealth v. Tuladziecki*, 513 Pa. 508, 511, 522 A.2d 17, 18 (1987).

"Although the existence of a substantial question must be determined on a case-by-case basis, the Superior Court will generally review the discretionary aspects of sentencing where a colorable argument is made that the actions of the sentencing court were either inconsistent with a specific provision of the Sentencing Code or contrary to the fundamental norms which underlie the sentencing process." *Commonwealth v. Groft*, 424 Pa.Super. 510, 520, 623 A.2d 341, 347 (1993). However, the Superior Court has "held that a claim of excessiveness of sentence does not raise a substantial question so as to permit appellate review where the sentence is within the statutory limits." *Commonwealth v. Jones*, 418 Pa.Super. 93, 106, 613 A.2d 587, 593 (1992) (en banc).

Instantly, as to appellant's excessiveness claim, we note that the crimes for which he was sentenced, burglary and criminal conspiracy, were graded as a first degree felony and

a second degree felony, respectively. Accordingly, the maximum sentences faced by appellant were 20 years for burglary, 18 Pa.C.S. § 1103(1), and 10 years for conspiracy, *id.,* § 1103(2). Since appellant's consecutive sentences of 18 to 48 months and 6 to 24 months fell within the statutory limit, his claim that the sentences are excessive does not raise a substantial question for our review. *Commonwealth v. Nelson,* 446 Pa.Super. 240, 253–54, 666 A.2d 714, 720 (1995) ("Instantly, the appellant's sentence falls within the statutory limits. Because the claims asserted by appellant do not raise a substantial question, further review of the discretionary aspects of sentencing is not warranted.").

We also reject appellant's claim that the trial court improperly failed to consider that he had no criminal record, a job offer at the time of sentencing and a nine-year old daughter. Evidence of these mitigating circumstances was before the judge at sentencing, and an allegation that the judge failed to consider it is essentially a claim that the judge failed to give that evidence the weight appellant thinks proper. Such a claim does not raise a substantial sentencing question. *Commonwealth v. Osteen,* 381 Pa.Super. 120, 128, 552 A.2d 1124, 1128 (1989).

Finally, we consider appellant's claim that the court, in imposing sentence, improperly relied upon its belief that appellant had lied to the jury. We note at the outset that appellant provides no authority supporting his contention that a sentencing court's consideration of false trial testimony is improper as a matter of law. Indeed, the United States Supreme Court has expressly held to the contrary. See *United States v. Grayson,* 438 U.S. 41, 50, 98 S.Ct. 2610, 2616, 57 L.Ed.2d 582 (1978) ("A defendant's truthfulness or mendacity while testifying on his own behalf, almost without exception, has been deemed probative of his attitude towards society and prospects for rehabilitation and hence relevant to sentencing."). The *Grayson* Court also rejected the precise argument raised by appellant herein, namely, that consideration of false trial testimony would "chill" the exercise of a

defendant's constitutional right to testify on his own behalf. According to the Court:

> Grayson's argument that judicial consideration of his conduct at trial impermissibly "chills" a defendant's ... constitutional right to testify on his own behalf is without basis. The right guaranteed by law to a defendant is narrowly the right to testify truthfully in accordance with the oath—unless we are to say that the oath is mere ritual without meaning. This view of the right involved is confirmed by the unquestioned constitutionality of perjury statutes, which punish those who willfully give false testimony....Assuming, arguendo, that the sentencing judge's consideration of defendants' untruthfulness in testifying has any chilling effect on a defendant's decision to testify falsely, that effect is entirely permissible. There is no protected right to commit perjury.
>
> Grayson's further argument that the sentencing practice challenged here will inhibit exercise of the right to testify truthfully is entirely frivolous. That argument misapprehends the nature and scope of the practice we find permissible. Nothing we say today requires a sentencing judge to enhance, in some wooden or reflex fashion, the sentences of all defendants whose testimony is deemed false. Rather we are reaffirming the authority of a sentencing judge to evaluate carefully a defendant's testimony on the stand, determine—with a consciousness of the frailty of human judgment—whether that testimony contained willful and material falsehoods, and, if so, assess in light of all the other knowledge gained about the defendant the meaning of that conduct with respect to his prospects for rehabilitation and restoration to a useful place in society. Awareness of such a process realistically cannot be deemed to affect the decision of an accused but unconvicted defendant to testify truthfully in his own behalf.

*Id.* at 54–55, 98 S.Ct. at 2617–18 (citations omitted). We agree that a sentencing court's consideration of false trial testimony does not impermissibly "chill" the exercise of a defendant's constitutional right to testify on his own behalf.

However, the right of a sentencing court to consider false trial testimony is not unlimited. In this regard, our analysis is guided by the standards set forth in *Commonwealth v. Thurmond*, 268 Pa.Super. 283, 407 A.2d 1357 (1979), in which a panel of this Court stated the following:

> The sentencing court's belief that it could consider [appellant's] false testimony rested on the assumption that the testimony revealed to some extent whether she can be rehabilitated.... [C]onsideration of false testimony is justified only if certain requisites, guaranteeing the probative value of this evidence, are satisfied. First, the misstatements must be willful. Unless the defendant has willfully offered false testimony, the fact that the testimony was untrue does not of itself show that the defendant is not likely to respond to efforts at rehabilitation. Second, the misstatement must be material, not of marginal importance. Only material falsehoods sufficiently bear on a defendant's character to justify enhancing punishment. Third, the verdict of guilt must necessarily establish that the defendant lied, not merely that the jury did not believe his testimony. This requirement ensures that a defendant can receive a stiffer penalty based on giving false testimony only when the finder of fact has determined, beyond a reasonable doubt, that the testimony was willfully false. Fourth, the verdict must be supported by sufficient credible evidence. If the jury's verdict is to form the basis for enhancement of sentence, that verdict must have a rationale foundation and evidence of record. Fifth, the trial court, if not acting as the trier of fact, must observe the testimony allegedly false. The cold record of the testimony and the verdict affords a meager basis for the sentencing court to determine whether the defendant's testimony demonstrated a character not likely susceptible to rehabilitation. Finally, the court may consider the defendant's lying only as one fact among many bearing on sentence.

*Id.* at 287–88, 407 A.2d at 1359–1360 (citations omitted). Thus, in order for a sentencing court to rely upon a defen-

dant's false trial testimony in fashioning a sentence, no less than six requirements must be satisfied.

The first of these requirements, willfulness, is met because appellant "did not assert an inability to recollect, lack of certainty or reveal any other fact indicating that the falsity of [his] testimony is attributable to other than a willful decision to give false testimony." *Id.* Instead, appellant testified unequivocally that he was unaware that Stan intended to burglarize the pet store on October 29, 1993 (N.T., 3/14/96, p. 91). The second *Thurmond* requirement also is satisfied because appellant's false testimony was clearly material, since it related directly to his guilt or innocence. Third, the jury's verdict necessarily established that appellant lied, because his testimony was directly contradicted at trial. Most importantly, Stan testified that it was appellant who entered and burglarized the pet store (N.T. at 19–21). Even excluding the remainder of the evidence, Stan's testimony alone, if believed by the jury, was sufficient to support appellant's conviction. For this reason, the fourth element of the *Thurmond* standard is met. Fifth, the sentencing court observed appellant's trial testimony "and therefore was in a position to temper the implication of the jury's verdict that appellant had lied." *Thurmond, supra* at 289, 407 A.2d at 1360.

■ However, although we find the first five elements of the *Thurmond* standard satisfied, our thorough review of the sentencing transcript reveals that the final element has not been met. As noted by the *Thurmond* court, and confirmed by other authorities, the court may consider false trial testimony "only as one fact among many bearing on sentence." *Id.* Indeed, *Grayson* also noted that in considering false trial testimony a sentencing court must "assess in light of all the other knowledge gained about the defendant the meaning of [the false testimony] with respect to his prospects for rehabilitation and restoration to a useful place in society." *Id.* at 55, 98 S.Ct. at 2618 (emphasis added); see also *Commonwealth v. Alicea,* 498 Pa. 575, , 449 A.2d 1381, 1384 (1982) (although distinguishing both *Grayson* and *Thurmond,* the Court notes that "a sentencing court, where it has observed false testimo-

ny as to a material fact at trial, may consider the defendant's perjury as one factor in imposing an appropriate sentence[.]") (emphasis added); and Jeane E. Maess, Annotation, Propriety of Sentencing Judge's Consideration of Defendant's Perjury or Lying in Pleas or Testimony in Present Trial, 34 A.L.R.4th 888, 891 (1984) ("[T]he state courts which have considered this issue have followed the rationale of *Grayson* and have held or recognized that a defendant's perjury or lying during trial may be considered at sentencing provided that it is considered only insofar as it reflects on the defendant's prospects for rehabilitation.") (emphasis added).

Instantly, in imposing sentence upon appellant, the court provided the following rationale:

> I'm bothered also, as I frequently am bothered, by the fact that the jury, as I, found that you were not telling the truth when you testified. And I believe things like that carry consequences. When one takes the stand and commits perjury in the eyes of the jury and in the eyes of the Court, there should be a penalty involved. That penalty is going to be imposed, and it's going to be imposed by sentencing in the aggravated range of the sentencing guidelines.

(N.T., 5/1/96, p. 11.) This passage indicates that the "penalty" of aggravated range sentencing was imposed solely on the basis that appellant "t[ook] the stand and commit[ted] perjury in the eyes of the jury and in the eyes of the Court". Moreover, the court's final statement at sentencing leaves no doubt about the basis upon which appellant's sentence was aggravated:

> The court is specifying we are in the aggravated range of the sentencing guidelines in count two because of the court's determination that Mr. Bowersox lied under oath when he testified.

(N.T. at 12.) Although this latter statement applies only to count two, the former statement was made prior to differentiating between the sentences and thus appears to indicate that the court aggravated both sentences based solely upon appel-

lant's false trial testimony. Any ambiguity as to this fact was clarified by the court when it denied appellant's post-sentence motions exclusively on the following basis:

> The enhancements of a sentence on the basis that a jury and the sentencing Court concluded that a defendant committed perjury while testifying should not 'provide a chilling effect on all Defendants who wish to take the witness stand on their own behalf.' It is, however, intended to send a message to the Defendant and all others who contemplate the action that the failure to tell the truth while testifying will have serious consequences.

(Order, Fisher, J., 5/13/96.) Finally, in the "Reasons" section of the Sentencing Guidelines Form, the court notes only that appellant "LIED UNDER OATH."

■ In light of these statements by the Court, and in the absence of any other reasons justifying the sentences imposed, we have no choice but to conclude that appellant's false trial testimony was the sole basis upon which the court fashioned the instant sentences. Moreover, since the sentencing transcript does not reveal that the court reviewed a presentence report, we may not presume that the court relied upon other relevant factors. Cf. *Commonwealth v. Mobley,* 399 Pa.Super. 108, 116, 581 A.2d 949, 952 (1990) ("[T]he existence of such a report eliminates the need for an on-the-record articulation of the reasons for the sentence."). Finally, the fact that the court also noted that appellant had evaded prosecution for a period of time does not change the clear implication of the above-quoted statements that sentencing was premised solely upon appellant's false trial testimony. We must be concerned only with those sentencing factors that the court actually relied upon, rather than those factors which the court could have relied upon, had it chosen to do so.

Based on the foregoing, we find that appellant's claim of excessiveness of sentence, as well as his claim that the sentencing court improperly failed to consider certain mitigating factors, do not raise substantial questions for our review. We also reject his claim that a sentencing court's consideration of false trial testimony impermissibly "chills" the exercise of a

270

defendant's constitutional right to testify on his own behalf. However, because the instant sentences were premised exclusively on appellant's false trial testimony, in violation of the standard set forth in *Thurmond* and *Grayson,* we conclude that the court erred. On this basis, we must vacate the May 1, 1996 judgment of sentence and remand for resentencing consistent with this Opinion.

Judgment of sentence vacated.

Jurisdiction relinquished.