J-S31033-16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA,   :   IN THE SUPERIOR COURT OF
  :            PENNSYLVANIA
            Appellee   :
  :
            v.   :
  :
MITCHELL GLEN RUNK,   :
  :
            Appellant   :   No.  1886 MDA 2015

Appeal from the Judgment of Sentence September 9, 2015,
in the Court of Common Pleas of Lancaster County,
Criminal Division, at No(s): CP-36-CR-0005515-2014

BEFORE:     SHOGAN, OTT, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:         **FILED JUNE 07, 2016**

Mitchell Glen Runk (Appellant) appeals from the judgment of sentence imposed after he pled guilty to homicide by vehicle while driving under the influence (DUI); homicide by vehicle; accidents involving death or injury—not properly licensed; DUI (highest rate of alcohol); DUI (general impairment); reckless driving; driving at safe speed; driving while under suspension—DUI related; and driving without a license.  Upon review, we affirm.

The Commonwealth stated the factual basis for Appellant's plea as follows.[1]

> [O]n Saturday, September 21st, 2013, at approximately 0137 hours, members of the Northwest Regional Police Department

---

[1] The Commonwealth also incorporated by reference the affidavits of probable cause contained in the criminal complaint. N.T., 6/16/2015, at 8.

*Retired Senior Judge assigned to the Superior Court.

were dispatched to PA Route 230 at Cedar Road for a collision involving two ejected occupants of a single vehicle collision.

Annastasia Leberfinger, age 20, and [Appellant] were the occupants of the vehicle at the time of the crash. Both occupants were transported to Hershey Medical Center and Leberfinger died as a result of injuries sustained in that collision.

As a result of the investigation and the collision reconstruction investigation performed by Detective Greg Wahl, the investigation revealed that Unit 1 was traveling at a high rate of speed, traveling on State Route 230, also known as North Market Street.

The first harmful event of the collision occurred between Zeager Road and Cedar Road on 230. In that area, it is a two-lane macadam roadway, 45 mile an hour speed zone. Unit 1 failed to negotiate a left curve in the roadway. Unit 1 then failed to negotiate the left curve and went into a counterclockwise yaw.

It went across Cedar Road and struck the road sign and stop sign. It then struck an embankment with its right side and went up the embankment. It vaulted from the embankment, struck a tree, with two occupants being ejected after striking the tree. This tree was knocked over.

Unit 1 continued, landing on its roof back on State Route 230. The vehicle then rotated 180 degrees several times and ended up at a driveway at 1997 North Market Street.

The speed at the time that Unit 1 left the roadway was between 104 and 115 miles per hour according to the reconstructed speed performed by Detective Wahl.

A search warrant was conducted at Hershey Medical Center on [Appellant's] medical records, and that blood result was then converted to whole blood and was determined by Dr. Wayne Ross that his whole blood alcohol content average was .219 percent at the time of the crash.

Essentially, there were witnesses that indicated that they had seen both the victim and [Appellant] at a residence, at a party, shortly before the crash, that both were highly

intoxicated, and that they saw the vehicle leaving that residence, which was a few miles away from the ultimate crash scene.

As indicated by witnesses there, … they believe [Appellant] was behind the driver's wheel in the driver's seat, and the victim was passed out in another area of the vehicle.

At the time of the collision, [Appellant]'s driving record also showed that his operating privileges were suspended and not restored at the time of the crash due to prior DUI suspension. Specifically, those convictions being January 5 of 2010 and February 2 of 2010.

N.T., 6/16/2015, at 8-11.

Appellant pled guilty to the aforementioned crimes on June 16, 2015. He was sentenced on September 9, 2015, to a term of five to ten years of imprisonment for the charge of homicide by vehicle while DUI, a concurrent three-and-a-half to seven years of imprisonment for the charge of homicide by vehicle,[2] and a consecutive three-and-a-half to seven years of imprisonment for the charge of accidents involving death or injury—not properly licensed. Appellant was also sentenced to a consecutive 90-day term of imprisonment for the conviction of driving while under suspension— DUI related. Thus, Appellant received an aggregate sentence of eight-and-a-half to seventeen years plus 90 days of imprisonment.[3]

---

[2] Pursuant to Appellant's plea agreement, Appellant was "to receive no additional exposure" on his conviction for homicide by vehicle, meaning that sentence "may run concurrent to any other sentence received." N.T., 6/16/2015, at 2-3.

[3] The court did not impose a penalty for the remaining charges because they merged for sentencing purposes.

On September 18, 2015, Appellant filed a post-sentence motion to modify sentence, which the trial court denied on September 24, 2015. This appeal followed, wherein Appellant's sole issue challenges the discretionary aspects of his sentence.

> Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
> > We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.[] § 9781(b).

*Commonwealth v. Griffin*, 65 A.3d 932, 935 (Pa. Super. 2013) (some citations omitted).

Appellant filed timely a notice of appeal, presented his claim in a post-sentence motion, and included a statement pursuant to Rule 2119(f) in his brief. Thus, we consider whether he has raised a substantial question worthy of appellate review.

The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. *Commonwealth v. Paul*, 925 A.2d 825, 828 (Pa. Super. 2007). "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions

were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Griffin*, 65 A.3d at 935 (citation and quotation marks omitted).

In his Rule 2119(f) statement, Appellant alleges that the imposition of consecutive sentences resulted in an aggregate sentence that was facially excessive in light of the criminal conduct at issue. Appellant's Brief at 14. He further argues that

> the imposition of a consecutive sentence of not less than 3 ½ years [of] incarceration for the offense of accidents involving death or personal injury and driving under suspension was greatly in excess of the aggravated range of the sentencing guidelines,[4] clearly unreasonable and manifestly excessive. In any occasion where the [trial c]ourt goes beyond the aggravated range of the sentencing guidelines this Court should grant allowance of appeal. This is particularly true where the sentence was imposed consecutively to a sentence of five to ten years [for the conviction of homicide by vehicle while DUI,] which was the maximum sentence under the law."

*Id.* at 14-15 (emphasis and unnecessary capitalization omitted).

In determining whether the above claims raise a substantial question, we bear the following in mind.

---

[4] To the extent Appellant argues that his sentence for driving while under suspension—DUI related was greatly in excess of the aggravated range of the guidelines, we observe that Appellant was convicted pursuant to 75 Pa.C.S. § 1543(b)(1.1)(i), which requires Appellant "to undergo imprisonment for a period of not less than 90 days." Thus, we treat Appellant's argument in this regard as one challenging only the consecutive nature of the sentence imposed for that conviction.

> We have stated that the imposition of consecutive rather than concurrent sentences lies within the sound discretion of the sentencing court. Long standing precedent of this Court recognizes that 42 Pa.C.S.[] § 9721 affords the sentencing court discretion to impose its sentence concurrently or consecutively to other sentences being imposed at the same time or to sentences already imposed. A challenge to the imposition of consecutive rather than concurrent sentences does not present a substantial question regarding the discretionary aspects of sentence. …

> However, we have recognized that a sentence can be so manifestly excessive in extreme circumstances that it may create a substantial question. When determining whether a substantial question has been raised, we have focused upon whether the decision to sentence consecutively raises the aggregate sentence to, what appears upon its face to be, an excessive level in light of the criminal conduct in this case.

***Commonwealth v. Zirkle***, 107 A.3d 127, 133-34 (Pa. Super. 2014)

(citations and internal quotation marks omitted).

The criminal conduct at issue herein related to Appellant's driving at an excessive speed, while highly intoxicated, and while his license was suspended for previous DUI convictions. Appellant's actions resulted in the ejection of both occupants from the vehicle and the death of Ms. Leberfinger. Pursuant to the plea agreement, Appellant received a concurrent term of imprisonment for his homicide by vehicle conviction. He received consecutive sentences only with respect to his three-and-a-half to seven year sentence for accidents involving death or injury—not properly licensed, and his 90-day sentence for driving while under suspension—DUI related. Considering the nature of the crimes at issue and the length of imprisonment

imposed, we conclude that this is not a case wherein the court's decision to impose consecutive sentences resulted in a facially excessive sentence. Thus, Appellant's claim fails to raise a substantial question. **See id.**, 107 A.3d at 134 (concluding that a seventeen-year-and-one-month minimum sentence was "not so manifestly excessive as to raise a substantial question" given the charges involved, which included three counts of burglary, three counts of criminal trespass, one count of criminal mischief, one count of terroristic threats, and two theft counts).

Moreover, although Appellant claims that the imposition of a consecutive sentence which was beyond the aggravated range for accidents involving death or injury—not properly licensed was unreasonable, particularly in light of the court's imposition of the statutory maximum sentence for homicide by vehicle while DUI, we conclude that such a claim likewise fails to raise a substantial question in this case.[5] **See Commonwealth v. Treadway**, 104 A.3d 597, 599-600 (Pa. Super. 2014)

---

[5] As stated above, Appellant argues that this Court should reach the merits of a discretionary aspects claim in any occasion where the sentencing court goes beyond the aggravated range of the guidelines. He cites subsection 9781(c)(3) of the Sentencing Code as the only support for his claim. **See** 42 Pa.C.S. § 9781(c)(3) (providing that "[t]he appellate court shall vacate the sentence and remand the case to the sentencing court with instructions if it finds [that] the sentencing court sentenced outside the sentencing guidelines and the sentence is unreasonable"). That provision requires this Court to vacate a sentence that results from an abuse of the trial court's sentencing discretion upon merits review; it does not, as Appellant would have us hold, suggest that any defendant sentenced outside of the guidelines has a colorable argument that the trial court acted unreasonably.

(concluding that Treadway's claim that "the imposition of consecutive statutory maximum sentences, all but guaranteeing that [Treadway] will spend the rest of his life in jail, raises his aggregate sentence to an excessive level," did not raise a substantial question and that Treadway's sentence of 100 to 200 years was not manifestly excessive when viewed in the context of Treadway's conduct).[6]

Appellant also alleges in his Rule 2119(f) statement that his aggregate sentence was manifestly excessive and contrary to the fundamental norms which underlie the sentencing process because the court ignored mitigating factors present in this case and focused exclusively on the serious nature of the offense. Appellant's Brief at 13-14. We conclude that this claim raises a substantial question. ***Commonwealth v. Bricker***, 41 A.3d 872, 875 (Pa. Super. 2012) ("[A]n averment that the court sentenced based solely on the seriousness of the offense and failed to consider all relevant factors raises a substantial question.").

---

[6] The conduct at issue in ***Treadway*** involved Treadway's repeated sexual abuse of his stepdaughter:

> This depravity continued for years. The victim testified that the abuse began when she was nine or ten years old and that [Treadway] first had sexual intercourse with her when she turned eleven. By the time the victim was thirteen or fourteen years old, [Treadway] had sex with her "every day or multiple times a day." Eventually the victim became pregnant. The victim, with [Treadway's] assistance, obtained an abortion in a hospital.

***Treadway***, 104 A.3d at 598.

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Zirkle*, 107 A.3d at 132.

In support of his claim, Appellant argues that the trial court "was obviously offended by the facts of this case and [Appellant]'s prior convictions involving the abuse of alcohol." Appellant's Brief at 21. Appellant further argues that

> there are mitigating factors in the sense that he expressed remorse for his actions and accepted responsibility by pleading guilty and not requiring the family of the victim to go through a trial. Furthermore, as was apparent from the presentence investigation [report (PSI)], this criminal offense directly resulted from [Appellant's] addiction to alcohol.

*Id.* at 20. Appellant also sets forth information regarding his age, criminal history, education, and history of drug and alcohol abuse. *Id.* at 19-20.

At the outset, we observe that, as mentioned by Appellant, the trial court had the benefit of a PSI. "Where the sentencing court had the benefit of a [PSI], we can assume the sentencing court 'was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors.'" *Griffin*, 65 A.3d at 937 (quoting *Commonwealth v. Devers*, 546 A.2d 12, 18 (Pa. 1988)). Moreover, at sentencing, Appellant's counsel noted Appellant's struggle with

drug and alcohol abuse and criminal history. N.T., 9/9/2015, at 10-11. Appellant's counsel also explained that Appellant "accepted responsibility … because he couldn't bear to put [the victim's] family through a second horrific event." *Id.* at 12-13. Appellant also apologized to the victim's family, expressed his remorse, and discussed his addiction at sentencing. *Id.* at 17-18.

Based on the foregoing, it is clear that although Appellant claims in his Rule 2119(f) statement that the trial court **ignored** mitigating factors in sentencing Appellant and focused exclusively on the serious nature of the offense, Appellant's actual argument instead challenges the **weight** the court gave to those factors. This argument does not entitle Appellant to relief; indeed, such a claim does not even raise a substantial question. *See Zirkle*, 107 A.3d at 133 ("We have held that a claim that a court did not weigh the factors as an appellant wishes does not raise a substantial question."); *Commonwealth v. Bowersox*, 690 A.2d 279, 281 (Pa. Super. 1997) ("Evidence of these mitigating circumstances was before the judge at sentencing, and an allegation that the judge failed to consider it is essentially a claim that the judge failed to give that evidence the weight appellant thinks proper. Such a claim does not raise a substantial sentencing question."). Thus, we discern no abuse of discretion on this basis.

Appellant has failed to establish that the trial court abused its discretion in sentencing Appellant. Accordingly, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/7/2016