**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| CHARLES REILLY BIERLY | : | |
| | : | |
| Appellant | : | No. 472 MDA 2024 |

Appeal from the Judgment of Sentence Entered November 22, 2023
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s):  CP-40-CR-0000358-2022

BEFORE:  LAZARUS, P.J., KUNSELMAN, J., and McLAUGHLIN, J.

MEMORANDUM BY LAZARUS, P.J.:                **FILED JANUARY 14, 2025**

Charles Reilly Bierly appeals from the judgment of sentence, entered in the Court of Common Pleas of Luzerne County on November 22, 2023, after he pled guilty to third-degree murder, criminal conspiracy to commit criminal homicide, and possession of a firearm prohibited, in connection with the stabbing death of Judith Cominsky on September 16, 2021.  Bierly challenges the discretionary aspects of his sentence.  After careful review, we affirm.

Bierly entered the victim's home around 12:17 p.m. on September 16, 2021, and attempted to shoot her, but his gun malfunctioned.  Bierly then obtained a knife from the victim's kitchen drawer and stabbed her multiple times.  Bierly fled and returned to a motel room where he had been living. Bierly washed his hands and changed his clothes, and then drove to the Susquehanna River in Nanticoke, where he threw the gun and knife in the river and burned the clothes that he was wearing at the time of the stabbing.

After that, Bierly returned to the motel, where he was apprehended the following day by police, who discovered Bierly's involvement by observing him walking in and out of the victim's house on surveillance video while investigating the murder.

After police took Bierly into custody, he cooperated in the investigation and admitted to killing the victim. Law enforcement recovered the gun and knife. Bierly explained to police that James Alberto had threatened to kill him and rape his girlfriend if he did not kill the victim. Bierly later changed his story and told police that Alberto offered him $15,000.00, drugs (fentanyl), guns, and a car to kill the victim. Bierly did not know the victim but believed Alberto wanted the victim dead because she was providing information to police that would result in his arrest.

Alberto was also charged in connection with the victim's murder. Bierly testified on the Commonwealth's behalf at Alberto's trial. A jury convicted Alberto of first-degree murder and burglary as an accomplice, and criminal solicitation to commit first-degree murder.

With the benefit of a pre-sentence investigation report, the court sentenced Bierly on November 22, 2023, to two consecutive terms of 240 to 480 months' incarceration for third-degree murder and criminal conspiracy to commit homicide and a consecutive term of 60 to 120 months' incarceration for possession of a firearm prohibited, resulting in an aggregate sentence of 540 to 1,080 months' incarceration. Bierly filed a timely post-sentence motion

seeking modification of sentence, which the court denied. Bierly filed a timely notice of appeal. Bierly and the trial court have complied with Pa.R.A.P. 1925.

On appeal, Bierly raises the following issue for our review: "Whether the trial court abused its discretion or committed an error of law in failing to consider [Bierly's] rehabilitative needs [] as well as his documented history of mental illness and limited intellectual function." Appellant's Brief, at 1.

Bierly's challenge is to the discretionary aspects of his sentence, from which there is no automatic right to appeal. *See Commonwealth v. Pass*, 914 A.2d 442, 445-46 (Pa. Super. 2006). Instead, an appellant must invoke this Court's jurisdiction by satisfying the following elements of a four-part test:

> (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, [*see*] Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, [*see*] 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Griffin*, 65 A.3d 932, 935-36 (Pa. Super. 2013), quoting *Commonwealth v. Evans*, 901 A.2d 528, 533 (Pa. Super. 2006).

> A substantial question will be found where an appellant advances a colorable argument that the sentence imposed is either inconsistent with a specific provision of the [s]entencing [c]ode or is contrary to the fundamental norms which underlie the sentencing process. At a minimum, the Rule 2119(f) statement must articulate what particular provision of the code is violated, what fundamental norms the sentence violates, and the manner in which it violates that norm.

- 3 -

*Commonwealth v. Mastromarino*, 2 A.3d 581, 585-86 (Pa. Super. 2010) (citation omitted).

This Court determines what constitutes a substantial question on a case-by-case basis. *See Commonwealth v. Prisk*, 13 A.3d 526, 533 (Pa. Super. 2011). In determining whether the appellant has raised a substantial question, we may not look beyond the statement of questions involved and the prefatory Rule 2119(f) statement. *See Commonwealth v. Provenzano*, 50 A.3d 148, 154 (Pa. Super. 2012).

Here, Bierly preserved his discretionary sentencing claim in a post-sentence motion, filed a timely notice of appeal, and has included a Rule 2119(f) statement in his brief. *See* Appellant's Brief, at 3. Consequently, we turn to whether Bierly's appeal raises a substantial question. In his Rule 2119(f) statement, Bierly restates that the court failed to consider his rehabilitative needs, history of mental illness, and limited intellectual function. *See* Appellant's Brief, at 3 ("The trial court[,] in failing to consider the rehabilitative needs and mental health[,] in addition to Appellant's limited intellectual functioning[,] is a substantial question requiring discretionary review.").

A claim of error for failing to consider rehabilitative needs does not present a substantial question. *See Commonwealth v. Lawson*, 650 A.2d 876, 881 (Pa. Super. 1994). Further, "[a]n allegation that a sentencing [judge] 'failed to consider' or 'did not adequately consider' certain factors does not raise a substantial question that the sentence was inappropriate."

***Commonwealth v. Urrutia***, 653 A.2d 706, 710 (Pa. Super. 1995).

Moreover, a claim that a court did not weigh the factors as an appellant wishes

does not raise a substantial question. ***See Commonwealth v. Bowersox***,

690 A.2d 279, 281 (Pa. Super. 1997).

Here, we conclude that Bierly has failed to raise a substantial question,

***see Provenzano***, ***supra***, especially where he has failed to advance a

colorable argument that the sentence imposed is either inconsistent with a

specific provision of the sentencing code or is contrary to the sentencing code's

fundamental underlying norms. ***See Mastromarino***, ***supra***. Accordingly, we

may not reach the merits of Bierly's discretionary aspects of sentencing claim.[1]

***See Lawson***, ***supra***; ***Urrutia***, ***supra***.

_____

[1] Even if Bierly had raised a substantial question, we would find that he is not entitled to relief. The appellate standard of review of the merits of a discretionary sentencing claim is for an abuse of discretion. ***See Commonwealth v. Zirkle***, 107 A.3d 127, 132 (Pa. Super. 2014). "[T]he weighing of factors under 42 Pa.C.S.A. § 9721(b) is exclusively for the sentencing court, and an appellate court may not substitute its own weighing of those factors." ***Commonwealth v. Redmond***, 273 A.3d 1247, 1255 (Pa. Super. 2022) (citation and quotation marks omitted).

In its Rule 1925(a) opinion, the trial court explained the reasoning for imposing Bierly's sentence:

> Before sentencing Defendant, this Court had an opportunity to review the pre-sentence investigation report prepared by the Luzerne County Probation Department and consider the information contained therein. The sentences imposed were within the standard range of the sentencing guidelines and discretion was exercised in running the third[-]degree murder, criminal conspiracy[,] and possession of firearm sentences consecutive to each other. The sentence imposed imprisonment

*(Footnote Continued Next Page)*

consistent with the protection of the public, the gravity of the offense as it relates to the impact on the community **and the rehabilitative needs of the Defendant** as required by 42 Pa.C.S.A. section 9721(b). The mitigation report prepared by Deborah Doyle Belknap J[.]D[.], Ph[.]D[.] was thoroughly reviewed prior to sentencing. N.T. 11/22/23 at 17. In the report, **Defendant's history of mental illness, autism spectrum disorder, borderline intellectual functioning[,] and inpatient admissions to mental health facilities are well documented[,] as are other mental illnesses from which he suffers. These were all carefully considered. This court was well aware of the rehabilitative needs of Defendant due to his drug addiction at the time of the offense[,] since he testified to the addiction** at the trial of James Alberto. Having presided over the Alberto trial, this court was also aware that Defendant was an essential witness for the Commonwealth. However, Defendant went into the home of a woman he did not know intending to shoot her and proceeded to brutally stab her to death when the firearm malfunctioned. Even th[]ough Defendant cooperated with the Commonwealth, this was a senseless murder which Defendant was willing to commit for money, guns, drugs, and a vehicle.

Upon consideration of the pre-sentence investigation report, the sentencing guidelines, the facts of the case, the need to protect the public, the gravity of the offense[,] **and the rehabilitative needs of the Defendant**, an aggregate sentence of 540 to 1[,]080 months[' incarceration] is neither unreasonable nor excessive. No abuse of discretion or error of law occurred.

Trial Court Opinion, 5/7/24, at 6-7 (unpaginated; emphasis added). Further, the sentencing court noted it read the defense sentencing mitigation report, made part of the record, prior to imposing sentence. *See* N.T. Sentencing Hearing, 11/22/23, at 3, 16. The court also had the benefit of a presentence investigation report. *See Commonwealth v. Devers*, 546 A.2d 12, 18 (Pa. 1988) (where presentence report exists appellate Courts presume sentencing judge was aware of relevant information regarding defendant's character and appropriately weighed that information with mitigating statutory factors). Contrary to Bierly's claims, the sentencing court did, in fact, consider his rehabilitative needs and other mitigating evidence. We discern no abuse of discretion or error of law. *See Zirkle*, *supra*. Further, we conclude that

*(Footnote Continued Next Page)*

Judgment of sentence affirmed.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: 01/14/2025

---

Bierly's appeal is, in actuality, a request that this Court reweigh the sentencing factors, which we may not do.  **See Redmond**, **supra**.