**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| RICHARD LEE GILLILAND | : | |
| | : | |
| Appellant | : | No. 278 MDA 2025 |

Appeal from the Judgment of Sentence Entered January 31, 2025
In the Court of Common Pleas of Bradford County Criminal Division at
No(s): CP-08-CR-0000084-2024

BEFORE:   LAZARUS, P.J., KUNSELMAN, J., and STEVENS, P.J.E.*

MEMORANDUM BY KUNSELMAN, J.:   **FILED: NOVEMBER 20, 2025**

Richard Gilliland appeals from the judgment of sentence imposed after he pled guilty to multiple sex-related offenses involving his granddaughter. Additionally, counsel asked to withdraw from representation and filed a brief pursuant to **Anders v. California**, 386 U.S. 738 (1967).  Upon review, we grant counsel's petition and affirm the judgment of sentence.

Briefly, Gilliland engaged in sexual conduct with his seven-year-old granddaughter ("the victim").  He touched her private parts and put his private parts on various areas of her body.  Gilliland also made her watch pornography on television with him.  These incidents occurred on multiple occasions when Gilliland's wife was not home.  One day, the victim's brother went to pick her up at Gilliland's home and saw pornography playing on the television.  He

_____

* Former Justice specially assigned to the Superior Court.

reported this, and the victim underwent a forensic interview. Police arrested and charged Gilliland.

On July 23, 2024, Gilliland pled guilty to several of the charges filed against him: one count of misdemeanor 1 indecent assault, eight counts of felony 3 indecent assault - second or subsequent offense, and two counts of felony 3 corruption of minors - course of conduct.[1]

On October 17, 2024, the trial court sentenced Gilliland to an aggregate term of 10 to 32 years' incarceration, followed by 3 years' mandatory probation; however, the written order indicated that the aggregate minimum sentence was only 100 months (instead of 120 months).

Gilliland filed a post-sentence motion. The Commonwealth filed a motion to correct and modify Gilliland's sentence. After a hearing on January 31, 2025, the trial court denied Gilliland's motion. Additionally, the court corrected its sentencing order to reflect its original, intended sentence of 10 to 32 years' incarceration, plus the required sentence of probation.

Gilliland filed this timely appeal. He and the trial court complied with Appellate Rule 1925.[2] Counsel filed an **Anders** brief with this Court and a petition to withdraw. Gilliland did not retain independent counsel or file a *pro se* response to the **Anders** brief.

_____

[1] 18 Pa.C.S.A. §§ 3126(a)(7) and 6301 (a)(1)(ii).

[2] We note that when counsel intends to file an **Anders** brief and ask this Court to withdraw, counsel should file a statement pursuant to Rule 1925(c)(4) rather than Rule 1925(b).

When presented with an **Anders** brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw. **See Commonwealth v. Garang**, 9 A.3d 237, 240 (Pa. Super. 2010). Pursuant to **Anders**, when counsel believes an appeal is frivolous and wishes to withdraw from representation, counsel must do the following:

> (1) petition the court for leave to withdraw stating that after making a conscientious examination of the record, counsel has determined the appeal would be frivolous; (2) file a brief referring to any issues that might arguably support the appeal, but which does not resemble a no-merit letter; and (3) furnish a copy of the brief to the defendant and advise [him] of [his] right to retain new counsel, proceed *pro se*, or raise any additional points [the defendant] deems worthy of this Court's attention.

**Commonwealth v. Edwards**, 906 A.2d 1225, 1227 (Pa. Super. 2006) (citation omitted).

In **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009), our Supreme Court addressed the second requirement of **Anders**, *i.e.*, the contents of an **Anders** brief, and required that the brief:

> (1) provide a summary of the procedural history and facts, with citations to the record;
>
> (2) refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3) set forth counsel's conclusion that the appeal is frivolous; and
>
> (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, 978 A.2d at 361.

Once counsel has satisfied the *Anders* requirements, it is then this Court's responsibility "to conduct a simple review of the record to ascertain if there appear on its face to be arguably meritorious issues that counsel, intentionally or not, missed or misstated." *Commonwealth v. Dempster*, 187 A.3d 266, 272 (Pa. Super. 2018) (*en banc*).

Here, counsel filed both an *Anders* brief and a petition for leave to withdraw. Further, the *Anders* brief substantially comports with the requirements set forth by our Supreme Court in *Santiago*. Additionally, the record included a copy of the letter that counsel sent to Gilliland, indicating counsel's intention to seek permission to withdraw and advising Gilliland of his right to proceed *pro se* or retain new counsel and file additional claims. Accordingly, as counsel has complied with the procedural requirements for withdrawing from representation, we will conduct an independent review to determine whether Gilliland's appeal is wholly frivolous.

In the *Anders* brief, counsel indicates that Gilliland wishes to challenge the discretionary aspects of his sentence. *Anders* Brief at 4. Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." *Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010). Instead, to reach the merits of a discretionary sentencing issue, we must conduct a four-part analysis to determine:

> (1) whether the appeal is timely; (2) whether [a]ppellant preserved his issue; (3) whether [a]pellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence [in accordance with 2119(f)]; and (4) whether the concise statement

- 4 -

raises a substantial question that the sentence is appropriate under the sentencing code .... [I]f the appeal satisfies each of these four requirements, we will then proceed to decide the substantive merits of the case.

*Commonwealth v. Colon*, 102 A.3d 1033, 1042–43 (Pa. Super. 2014) (quoting *Commonwealth v. Austin*, 66 A.3d 798, 808 (Pa. Super. 2013)).

Here, Gilliand satisfied the first three requirements under *Colon*. Accordingly, we must determine whether Gilliland raises a substantial question.

In his Appellate Rule 2119(f) statement, Gilliland claims that his sentence was "too harsh" under the circumstances. *Anders* Brief at 16. These circumstances include his limited criminal history and medical needs.

Bald claims of excessiveness do not constitute a substantial question. *Moury*, 992 A.2d at 170. Instead, "an appellant must articulate the reasons the [ ] court's actions violated the sentencing code." *Id.* Gilliland did not specify how the trial court violated the sentencing code. Rather, Gilliland's claim infers that the trial court did not weigh the factors as he wished. Such a claim does not raise a substantial question. *Commonwealth v. Bowersox*, 690 A.2d 279, 281 (Pa. Super. 1997). Therefore, we conclude that Gilliland has not raised a substantial question and does not meet the requirements of *Colon*, *supra*, for us to review his sentencing challenge. This claim is frivolous.

For the foregoing reasons, we conclude that Gilliland's only claim on appeal is frivolous. Further, in accordance with *Dempster*, we have

- 5 -

independently reviewed the certified record to determine if there are any non-frivolous issues that counsel may have overlooked. Having found none, we agree that the appeal is wholly frivolous. Therefore, we grant counsel's petition to withdraw and affirm the judgment of sentence.

Petition to withdraw granted. Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 11/20/2025