J-S42038-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| CORREY ANTONIO HILL | : | |
| | : | No. 492 MDA 2025 |

Appeal from the Judgment of Sentence Entered December 20, 2023
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s): CP-22-CR-0005400-2021

BEFORE: OLSON, J., KING, J., and LANE, J.

MEMORANDUM BY LANE, J.: **FILED JANUARY 08, 2026**

Correy Antonio Hill ("Hill") appeals from the judgment of sentence imposed following his convictions for aggravated assault and possession of firearm prohibited.[1] After review, we affirm.

We glean the factual and procedural history of this matter from the certified record. In December 2021, the Harrisburg Bureau of Police, filed a criminal complaint charging Hill with one count of aggravated assault — attempt to cause serious bodily injury or causes injury with extreme indifference and one count of possession of a firearm prohibited. In January 2022, a grand jury indicted Hill. In August 2023, the Commonwealth filed a notice of joinder, consolidating Hill's case for trial with those of his co-defendants, Raymeir Haynes ("Haynes") and Deron Scott, Jr. ("Scott").

_____

[1] **_See_** 18 Pa.C.S.A. §§ 2701(a)(1), 6105(a)(1).

The matter proceeded with a jury trial from October 16 through October 20, 2023. We summarize the evidence as follows. In June 2021, Erin Lapean ("Lapean") and her minor son, C.L., were sitting on the front porch of their home on Berryhill Street when occupants of a white Kia (the "Kia") opened fire toward the porch. Bullets struck C.L. in both legs and Lapean suffered multiple gunshot wounds, including one to the head, from which she later died.

Multiple witnesses identified Hill as being present at the scene and exchanging gunfire with occupants of the Kia. Brianna Roman, who had known Hill for years, testified that she saw two masked men firing from the front seats of a white sedan and observed Hill return fire from near a tree by the porch. Richelle Brown similarly testified that she saw the Kia circle the area, stop, and fire toward the porch before seeing Hill at the scene shortly thereafter.

Probation officer Bernard Rendler ("Rendler") testified regarding gang activity in the Harrisburg area. Rendler testified that Sheldon Richardson ("Richardson"), a male known on the street as "Shelbo," is a validated member of the All-Nighter Boys ("ANB") gang, and that Hill is also a validated member of the ANB gang. Rendler additionally testified that Scott is a validated gang member of the Pop Out Gang ("POG"). Rendler testified to the ongoing feud between ANB and POG, and to music videos and social media posts escalating the conflict.

Other witnesses provided context for motive. Randy Springer ("Springer") testified that he knew Hill. Springer came forward with information regarding the June 2021 shooting despite having criminal cases pending against him. He acknowledged that for his testimony, he entered a plea agreement and received a sentence of probation for his criminal charges. He explained that Hill told him shortly after the shooting that he had fired at individuals in the Kia after they initially shot at him and Hill identified some of the occupants. According to Springer, Hill stated that the incident stemmed from a dispute involving a woman known as "Kalene," and acknowledged a prior confrontation in the "South" area earlier that day.

On cross-examination, Hill's counsel highlighted inconsistencies in Springer's account regarding the timing of the earlier shooting, as Springer gave conflicting statements about whether it occurred the same day as the charged incident. Hill's counsel also questioned Springer regarding a prior conviction for providing false identification to law enforcement. Additionally, Springer acknowledged that he had known Hill for only a short period before the incident.

Tajaaye McIntyre ("McIntyre"), who was then dating co-defendant Haynes, testified that Haynes and Scott were feuding with Richardson, who she knew as Shelbo. McIntyre explained that Hill and Scott did not get along. She described an earlier confrontation between Scott and Richardson at a Dave & Busters in May 2021, after which tensions between the groups

escalated. McIntyre testified that she entered a plea agreement to resolve her own pending charges in exchange for her testimony about the June 2021 incident. She acknowledged giving at least six prior statements before trial and admitted that some of those statements were false because she wished to avoid getting into trouble.

On cross-examination, McIntyre testified that an alleged earlier shooting occurred on the same day as the charged incident. She acknowledged, however, that she did not see who fired the shot and could not identify any distinguishing characteristics of the shooter.

Detective Andrew Bath collected video footage in this matter. The video footage captured the Kia's movements before and after the shooting, and investigators later recovered the vehicle bearing a bullet hole in the rear driver-side door. Forensic investigators documented both .40-caliber and 9mm casings at the scene.

The Commonwealth also presented evidence of Hill's admissions during a December 2021 encounter at the Dauphin County Prison booking area, during which Chief Corey Dickerson ("Chief Dickerson") was present undercover, posing as an inmate. While Chief Dickerson observed, Hill and Haynes discussed who they believed had been talking to the police about the June 2021 incident. Hill stated he was not cooperating with police because he faced the same charges as Haynes. Haynes acknowledged that he had driven to speak with Hill on the day of the shooting and that, after Hill began firing

at the Kia, he returned gunfire. Haynes also remarked that shots appeared to have come from both sides of the street, noting bullet holes on each side of the vehicle, and stated he later had the Kia repaired. Hill and Haynes briefly referenced the May 2021 altercation at Dave & Buster's involving Richardson. As Hill and Haynes continued questioning why they had been placed together, Chief Dickerson ended the interaction for safety reasons.

Additional testimony addressed witness reluctance, prior inconsistent statements, and Hill's assault of Scott in the Dauphin County Prison in June 2022. The Commonwealth also introduced Hill's prior convictions for aggravated assault and robbery, to which he had pled guilty in 2010.

At the conclusion of the trial, the jury convicted Hill of aggravated assault. The trial court separately found Hill guilty of possession of firearm prohibited. Following the preparation of a presentence investigation ("PSI") report, the trial court sentenced Hill on December 20, 2023, to a mandatory term of ten to twenty years' incarceration for aggravated assault,[2] followed by a consecutive sentence of seven and one-half to fifteen years' incarceration for possession of firearm prohibited. In sum, the trial court imposed an aggregate sentence of seventeen and one-half to thirty-five years' incarceration.

---

[2] *See* 42 Pa.C.S.A. 9714(a)(1) (mandating a minimum sentence of ten years for defendants previously convicted of a crime of violence at the time of the current offense).

Hill filed a timely post sentence motion requesting to modify his sentence, and challenging the sufficiency and weight of the evidence, which the trial court denied. Hill filed a notice of appeal. This Court issued an order dismissing Hill's appeal for failure to file a docketing statement.

Hill filed a *pro se* petition for post-conviction collateral relief ("PCRA").[3] The PCRA court appointed counsel who then filed an amended PCRA petition seeking reinstatement of Hill's direct appeal rights. The trial court issued an order reinstating Hill's direct appeal rights. Thereafter, Hill filed this timely appeal. Both Hill and the trial court complied with Pa.R.A.P. 1925.

Hill raises the following issues for our review:

1. Whether the evidence presented at trial by the Commonwealth was insufficient to sustain a conviction for aggravated assault and possession of a firearm prohibited?

2. Alternatively, whether the verdict, where the jury found [Hill] guilty of aggravated assault and possession of a firearm prohibited, was against the weight of the evidence, requiring that [Hill] be afforded a new trial?

3. Whether the trial court erred/and or abused its discretion in not considering the sentencing factors enumerated in 42 P.S.[A.] § 9721(b) when sentencing [Hill], specifically, the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and [Hill's] rehabilitative needs?

Hill's Brief at 5 (unnecessary capitalization omitted and issues reordered for ease of discussion).

---

[3] *See* 42 Pa.C.S.A. §§ 9541-9546.

In his first issue, Hill challenges the sufficiency of the evidence to sustain his convictions for aggravated assault and possession of a firearm prohibited. *See* Hill's Brief at 16-19. Before proceeding to the merits of Hill's sufficiency arguments, we must determine whether he has preserved them for our review. It is well-established that "any issues not raised in a [Rule] 1925(b) statement will be deemed waived" for appellate review. ***Commonwealth v. Lord***, 719 A.2d 306, 309 (Pa. 1998). Pennsylvania Rule of Appellate Procedure 1925(b) provides that in a statement of matters complained of on appeal, an appellant "shall concisely identify each error that the appellant intends to assert with sufficient detail to identify the issue to be raised for the judge," and issues ***that are not properly raised are deemed waived***. Pa.R.A.P. 1925(b)(4)(ii), (vii). Additionally, this Court has stated:

> [i]n order to preserve a challenge to the sufficiency of the evidence on appeal, an appellant's [Rule] 1925(b) statement must ***state with specificity the element or elements [of the challenged offense] upon which the appellant alleges that the evidence was insufficient***. . . . Such specificity is of particular importance in cases where, [an appellant] was convicted of multiple crimes[,] each of which contains numerous elements that the Commonwealth must prove beyond a reasonable doubt. . . .

***Commonwealth v. Ellison***, 213 A.3d 312, 321 (Pa. Super. 2019) (citation and quotation marks omitted, emphasis added).

Here, the jury convicted Hill of aggravated assault, and the trial court separately convicted him of possession of a firearm prohibited. Notably, each of these offenses contained numerous elements. In his Rule 1925(b)

- 7 -

statement, Hill did not state with specificity *any* element of either offense that allegedly went unproven at trial. Instead, he simply stated in boilerplate fashion, that "the evidence presented at trial by the Commonwealth was insufficient to sustain a conviction for aggravated assault and possession of a firearm prohibited." *See* Hill's Concise Statement, 5/15/25, at unnumbered 1 (unnecessary capitalization omitted). As Hill failed to "specify the element or elements upon which the evidence was insufficient," we accordingly find waiver. *See Ellison*, 213 A.3d at 321.

In his second issue, Hill challenges the weight of the evidence supporting his convictions. Our review of a weight claim is well-established:

> When reviewing a challenge to the weight of the evidence, we review the trial court's exercise of discretion. A trial court may sustain a weight challenge only if the verdict is so contrary to the evidence as to shock one's sense of justice. The weight of the evidence is exclusively for the finder of fact, who is free to believe all, none or some of the evidence and to determine the credibility of the witnesses. We defer to the trial court's decision regarding a weight of the evidence claim because it had the opportunity to hear and see the evidence presented.

*Commonwealth v. Clemens*, 242 A.3d 659, 667 (Pa. Super. 2020) (citations and quotation marks omitted).

Hill does not articulate how the verdict was contrary to the weight of the evidence. Instead, he asserts that "[e]ven if the evidence presented by the Commonwealth was sufficient to sustain a conviction in this matter, the evidence presented was not creditable [*sic*] and the jury improperly relied on the statements of [Springer] and [McIntyre] in reaching a verdict." Hill's Brief

at 29. In support, Hill points to alleged inconsistencies in Springer's account, including discrepancies concerning the timing of a prior shooting and Springer's limited familiarity with Hill. Hill further contends that McIntyre's testimony lacked credibility because she entered into a plea agreement, gave multiple prior statements, previously provided false information to law enforcement, and acknowledged that she could not identify any distinguishing characteristics of the shooter in the earlier incident that occurred the same day.

The trial court thoroughly reviewed the evidence presented at trial and concluded:

> [S]everal days worth of evidence was presented at trial. This evidence supports Hill's convictions for aggravated assault and possession of a firearm prohibited. Because Hill has not specifically highlighted how the verdict was against the weight of the evidence and discerning nothing in the verdict that shocks one's sense of justice, we conclude that Hill's argument in this regard lacks merit.

Trial Court Opinion, at 9/6/25, at 23.

Based on our review, we discern no abuse of discretion by the trial court in denying Hill's post-sentence motion challenging the weight of the evidence. The record demonstrates that the jury heard extensive testimony from multiple eyewitnesses, law enforcement officers, and forensic investigators. It was within the jury's province to credit the testimony of Springer and McIntyre, weigh inconsistencies, and resolve questions of credibility. **See Clemens**, 242 A.3d at 667. Moreover, Hill's generalized disagreement with

the jury's assessment does not meet the high standard necessary to overturn a verdict as contrary to the weight of the evidence. *See id*. We therefore decline to disturb the trial court's determination that the verdict did not shock its sense of justice. Thus, Hill's second issue affords him no basis for relief.

In Hill's third issue, he challenges the discretionary aspects of his sentence, from which there is no automatic right to appeal. *See Commonwealth v. Mastromarino*, 2 A.3d 581, 585 (Pa. Super. 2010). Instead, an appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test that determines:

> (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

*Commonwealth v. Griffin*, 65 A.3d 932, 935-36 (Pa. Super. 2013) (some citations omitted). In determining whether the appellant has raised a substantial question for our review, this Court may not look beyond the Rule 2119(f) statement. *See Commonwealth v. Barnes*, 167 A.3d 110, 123 (Pa. Super. 2017) (*en banc*).

> The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process.

*Commonwealth v. Thompson*, 333 A.3d 461, 467 (Pa. Super. 2025) (citations and quotation marks omitted).

Although Hill filed a timely notice of appeal, preserved a discretionary sentencing issue in a post-sentence motion, and included a Rule 2119(f) statement in his brief, he failed to properly invoke this Court's review. *See Thompson*, 333 A.3d at 467. The claims raised in Hill's post-sentence motion, Rule 1925(b) statement, and Rule 2119(f) statement differ. The sole discretionary sentencing claim Hill preserved in both his post-sentence motion and his Rule 1925(b) statement alleged that the trial court abused its discretion by failing to consider or adequately weigh the sentencing factors enumerated in 42 Pa.C.S.A. § 9721(b). However, Hill's Rule 2119(f) statement does not address that claim, nor does it identify any sentencing factor under section 9721(b) that the trial court allegedly failed to consider or improperly weighed. Instead, Hill's Rule 2119(f) statement discusses a different discretionary sentencing claim — that the sentence is excessive because the trial court should have imposed the sentences concurrently, as they were interrelated and arose from the same event — a claim he did not include in his concise statement. *See* Pa.R.A.P. 1925(b)(3)(iv) (stating that "any issue not properly included in the Statement . . . shall be deemed waived"). Thus, Hill has waived appellate review of his discretionary sentencing challenge.

Even if Hill had preserved a discretionary sentencing claim for our review, we would conclude that he failed to raise a substantial question and

- 11 -

that the trial court did not abuse its discretion in imposing sentence. *See Thompson*, 333 A.3d at 467; *see also Commonwealth v. Bowersox*, 690 A.2d 279, 281 (Pa. Super. 1997) (holding that an allegation that the judge failed to consider sentencing factors does not raise a substantial sentencing question); *Commonwealth v. Dortch*, 343 A.3d 298, 310-11 (Pa. Super. 2025) (explaining that excessiveness claims premised on imposition of consecutive sentences do not raise a substantial question for our review). As the trial court explained,

> [T]he the victims of crime, a mother and her young son, were standing on their front porch when they both sustained gunshot wounds. The court further noted that the mother died and while the boy physically recovered, he would never mentally or emotionally recover from the loss of his mother and being present (when she was shot and killed). The court noted that [Hill] had been involved in the system with serious charges before and instead of walking away from them continued to engage in activity which led to "this result today." The court noted that it read the [PSI] report and acknowledged the loss to not only the victims' family, but to [Hill's] as well.

*Id*. at 5 (citations omitted).

The record reflects that the trial court thoroughly considered and weighed numerous factors in fashioning Hill's sentence, including "the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and [Hill's] rehabilitative needs." Trial Court Opinion, 9/6/25, at 4. Additionally, the trial court considered Hill's involvement in other serious felony offenses. *See id*. The record further reflects that the trial court was in possession of a PSI report

and considered its findings. ***See id***. at 5; ***see also Commonwealth v. Watson***, 228 A.3d 928, 936 (Pa. Super. 2020) (holding that where a PSI report exists, we presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors).

Accordingly, for all the foregoing reasons, we affirm Hill's judgment of sentence.

Judgment of sentence affirmed.

Judge Olson concurs in the result.

Judge King joins the memorandum.


Judgment Entered.


Benjamin D. Kohler, Esq.
Prothonotary


Date: 01/08/2026